756 So.2d 1119 (2000)
Darrell JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D99-3640.
District Court of Appeal of Florida, First District.
May 10, 2000.
*1120 Darrell Jenkins, pro se, appellant.
Robert A. Butterworth, Attorney General, Tallahassee, for appellee.
PER CURIAM.

ORDER IMPOSING SANCTIONS
On March 1, 2000, this court issued an order which identified 21 cases, including this one, which had been initiated by Darrell Lamont Jenkins in this court in calendar year 1999. The order further provided:
Of these 21 cases, two appeals of summary denial of post-conviction motions, which do not require briefing in accordance with Fla. R.App. P. 9.140(i), resulted in per curiam affirmances. Jenkins v. State, 743 So.2d 512 (Fla. 1st DCA 1999); Jenkins v. State, 740 So.2d 532 (Fla. 1st DCA 1999). Eighteen other cases were dismissed by unpublished orders for appellant/petitioner's failure to comply with the Florida Rules of Appellate Procedure and/or orders of this court. Only the instant case remains pending and in it a show cause order is outstanding, directing appellant to show cause why the appeal should not be dismissed for appellant's failure to ensure the filing of a record on appeal and an initial brief.
Upon consideration of the above, this court finds that the abusive litigation of Darrell Lamont Jenkins has substantially interfered with the orderly process of judicial administration. For that reason, appellant shall show cause within ten days of date of this order why he should not be prohibited from appearing before this court in proper person as an appellant in this case or as an appellant or petitioner in any future case. See State v. Spencer, 751 So.2d 47 (Fla. 1999); Attwood v. Eighth Circuit Court, 667 So.2d 356 (Fla. 1st DCA 1995); Peterson v. State, 530 So.2d 424 (Fla. 1st DCA 1988).
Jenkins did not respond to the show cause order. In fact, much of the mail sent to Mr. Jenkins by this court, possibly including the order to show cause, has been returned because he refused it. We find appellant's pro se activities have substantially interfered with the orderly process of judicial administration in this court. In the exercise of our inherent power to prevent abuse of court procedure, it is hereby ordered that Darrell Lamont Jenkins, in proper person, is henceforth prohibited from filing any document in this court on his own behalf, in this or any other case, as appellant or petitioner. The clerk of this court is directed to refuse and return any document filed by or on behalf of Mr. Jenkins unless signed by a member of the Florida Bar. Appellant shall have 30 days from date of this order to secure the services of counsel, who shall file a notice of appearance, in this and any other active case before this court where Mr. Jenkins is currently representing himself. Any case in which such a notice is not timely filed will be dismissed by order of this court.
IT IS SO ORDERED.
JOANOS, LAWRENCE and DAVIS, JJ., concur.