981 So.2d 479 (2008)
Frank C. JOHNSON, Jr. and Ruth B. Johnson, Appellants,
v.
John H. WILBUR, Individual, et al., Dr. Robert L. Mitchell, Individual, et al., Deacon James Lewis, Individual, Deacon Johnnie Middleton, Individual, Judith E. Martin, Individual, and First Union National Bank, et al., Appellees.
No. 1D05-5392.
District Court of Appeal of Florida, First District.
February 13, 2008.
*480 Frank C. Johnson, Jr. and Ruth B. Johnson, pro se, Appellants.
No appearances for Appellees John H. Wilbur, Individual, et al., Dr. Robert L. Mitchell, Individual, et al., Deacon James Lewis, Individual, Deacon Johnnie Middleton, Individual, and Judith E. Martin, Individual.
Steven Ellison and Talina Bidwell of Broad and Cassel, West Palm Beach, for Appellees Law Office of Marshall Watson, P.A. and Shelley Powell.
PER CURIAM.
The appellees in this case have filed a motion for sanctions, requesting attorney's fees, removal of the Johnsons' indigent status, and an order prohibiting the Johnsons from appearing before the Court on their own behalf. The motion refers only to the Johnsons' actions in this case. We deny the appellees' motion because we have chosen, sua sponte, to sanction the Johnsons based upon a consideration of their activities before the Court in several cases, including but not limited to the instant case. We believe that prohibiting the Johnsons from appearing before the Court in proper person is a sufficient measure to prevent them from further abusing the judicial system. To the extent the appellees' motion requests this sanction, it is moot.
On January 17, 2008, we issued the following order to show cause:
The Court, on its own motion, finds that the Johnsons' pro se activities before this Court have substantially interfered with the orderly process of judicial administration. See Jenkins v. State, 756 So.2d 1119 (Fla. 1st DCA 2000). Since 2003, Frank C. Johnson, Jr., has filed twenty-two cases in this Court. Ruth Johnson has been an appellant or petitioner in nineteen of those cases. Sixteen of the cases Mr. Johnson has filed have been dismissed for lack of jurisdiction or failure to pay filing fees. Mrs. Johnson was an appellant or petitioner in thirteen of those cases. The Johnsons have six cases pending in this Court, all of which appear to be without merit. A review of the records in those cases reveals that the Johnsons have a profound lack of understanding of the court system in general and of the appellate system in particular. The Johnsons have filed numerous frivolous motions in this Court, and Mr. Johnson repeatedly calls the Clerk's office requesting action by the Court, despite the fact that he has been admonished on numerous occasions that any request for action by the Court should be in the form of a motion.
Upon consideration of the above, the Court finds that the Johnsons have unjustifiably imposed a substantial burden on the finite resources of this Court. Accordingly, the Johnsons are ordered to show cause within ten days of the date of this order why they should not be prohibited from appearing before this Court in proper person as an appellant *481 or petitioner in this case, any pending case, or any future case.
On January 24, 2008, the Johnsons filed their response. The response, like all of the Johnsons' filings with the Court, is difficult to comprehend. The response, which is largely unresponsive to the Court's request, demonstrates the Johnsons' continued lack of understanding of the judicial system. It begins by listing motions that the Johnsons have filed. Much of the response is devoted to listing the facts of cases the Johnsons have filed and noting the decisions of this Court. By their response, the Johnsons attempt to reargue the merits of motions that have already been adjudicated by the Court. They also assert that the Court is holding the Johnsons to a higher standard than that which it is imposing on the attorneys involved in this case.
After considering the Johnsons' response, we are convinced that they have abused the judicial system and will continue to abuse the judicial system if they are not sanctioned. Accordingly, in the exercise of our inherent power to prevent abuse of court procedure, it is ordered that Frank C. Johnson, Jr., and Ruth B. Johnson are prohibited from filing any document in this Court on their own behalf, in this or any other case, as appellants or petitioners. The Clerk of the Court is directed to refuse any document filed by the Johnsons unless signed by a member of The Florida Bar. All motions the Johnsons have pending in this Court are denied.
On the merits, the order appealed from in this case is AFFIRMED.
ALLEN, VAN NORTWICK, and LEWIS, JJ., concur.