PER CURIAM.
Rodney McCutcheon, an inmate in state custody, filed pro se petitions for writs of habeas corpus with this Court in these two cases that have now been consolidated for purposes of this opinion.[1] We dismissed the petitions in these cases by way of unpublished orders, determining that the petitions were unauthorized pursuant to Baker v. State, 878 So.2d 1236 (Fla.2004).[2] In disposing of the petitions, we expressly retained jurisdiction to pursue possible sanctions against McCutcheon.[3] See Fla. R.App. P. 9.410(a).
In 1972, McCutcheon was convicted and sentenced to life imprisonment for committing capital sexual battery in Broward County, Florida (case No. F72-23029). In a separate case, he pled to and was adjudicated guilty of the offense of unlawful use of a motor vehicle (case No. F72-17985). McCutcheon was paroled from his prison sentence for a time; however, his parole was revoked in 1990 when he was convicted of trafficking in stolen property in Broward County (case No. F89-22827).
Since his parole was revoked, McCut-cheon has unsuccessfully attempted collateral attacks on his present sentence in the courts below.[4] Since 1992, McCutcheon has filed multiple pro se extraordinary writ petitions and other proceedings with this Court seeking relief from his conviction and sentence. We observe that in none of the petitions McCutcheon filed in this Court has any relief been granted.[5] *771 Because the petitions filed in the instant consolidated cases were dismissed as unauthorized and also were the ninth and tenth pro se proceedings initiated by McCut-cheon in this Court pertaining to his criminal cases, we issued an order directing McCutcheon to show cause why he should not be prohibited from filing any further pro se filings in this Court related to his criminal cases, unless such filings are signed by a member in good standing of The Florida Bar.[6] After considering McCutcheon’s response, we conclude that it fails to show cause why he should not be sanctioned. We further conclude that McCutcheon’s unauthorized petitions are frivolous proceedings brought to this Court by a prisoner. See § 944.279, Fla. Stat. (2012). McCutcheon has compiled a history of pro se filings in this Court that, like the instant habeas corpus petitions, were devoid of merit or inappropriate for review in this Court.
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Rodney McCutcheon that are related to case numbers F72-23029, F72-17985, or F89-22827, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on McCutcheon’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[7] Furthermore, since we have found McCutcheon’s petitions to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2012), to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where McCutcheon is incarcerated.[8]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

. See id. at 1245-46 ("[W]e will dismiss as unauthorized, habeas corpus petitions filed by noncapital defendants that seek the kind of collateral postconviction relief available through a motion filed in the sentencing court, and which (1) would be untimely if considered as a motion for postconviction relief under rule 3.850, (2) raise claims that could have been raised at trial or, if properly preserved, on direct appeal of the judgment and sentence, or (3) would be considered a second or successive motion under rule 3.850 that either fails to allege new or different grounds for relief, or alleges new or different grounds for relief that were known or should have been known at the time the first motion was filed.”).

. McCutcheon v. State, No. SC12-414 (Fla. May 4, 2012), and McCutcheon v. State, SC12-454 (Fla. May 4, 2012) (dismissing petitions in each case and ordering petitioner to show cause why sanctions should not be imposed and why the petitions should not be deemed frivolous for purposes of applying section 944.279(1), Florida Statutes (2011)).

. See, e.g., McCutcheon v. State, et. seq., 44 So.3d 156, 161-62 (Fla. 4th DCA 2010) (Nos.4D09-2192, 4D09-3770, 4D09-4546, 4D10-304, 4D10-573) (affirming judgments denying postconviction and habeas corpus relief; finding the appeals to be frivolous, malicious, and not brought in good faith; and ordering appellant to show cause why court sanctions should not be imposed).

. See, e.g., McCutcheon v. State, 75 So.3d 1245 (Fla.2011) (table) (notice to invoke, review denied for lack of jurisdiction); McCutcheon v. State, 75 So.3d 1245 (Fla.2011) (table) (notice to invoke review denied for lack *771 of jurisdiction); McCutcheon v. Beuttenmuller, I Clerk, 73 So.3d 760 (Fla.2011) (table) (manda-I mus petition denied on the merits); McCutcheon v. Tucker, 90 So.3d 272 (Fla.2012) (table) (prohibition petition transferred to the circuit court); McCutcheon v. State, 46 So.3d 566 (Fla.2010) (table) (prohibition petition denied); McCutcheon v. State, 915 So.2d 1196 (Fla.2005) (table) (all writs petition dismissed for lack of jurisdiction); McCutcheon v. State, 829 So.2d 918 (Fla.2002) (table) (habeas corpus petition denied as procedurally barred); McCutcheon v. State, 599 So.2d 1279 (Fla.1992) (table) (petition for review dismissed).

. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) ("[I]t is important for courts to first provide notice and an opportunity to respond before preventing that litigant from bringing further attacks on his or her conviction and sentence.”).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. See, e.g., James v. Tucker, 75 So.3d 231 (Fla.2011); Johnson v. Bundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008); Tate v. McNeil, 983 So.2d 502 (Fla.2008).

. See, e.g., James, 75 So.3d at 232; Johnson, 59 So.3d at 1082; Steele, 14 So.3d at 224.