PER CURIAM.
This case is before the Court on the petition of Annamarie Riethmiller for a writ of mandamus.[1] We previously denied the petition and retained jurisdiction to pursue sanctions against Riethmiller. Due to her numerous meritless and inappropriate filings in this Court pertaining to her dissolution of marriage proceedings in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County,[2] Riethmil-ler was directed to show cause why she should not be barred from filing in this Court any future pro se pleadings, motions, or other requests for relief.[3] Rieth- *927 miller has filed a response to the order to show cause.
After considering Riethmiller’s response, we conclude that it fails to show cause why she should not be sanctioned. Riethmiller has compiled a history of pro se filings in this Court that were devoid of merit or inappropriate for review. Her filings, in part, also reveal a pattern of instituting proceedings and then failing to properly pursue them.
Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Annamarie Riethmiller pertaining to her dissolution of marriage proceedings in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County (case number 2009-DR-10430), unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Riethmiller’s behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[4]
It is so ordered.
POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.

. Since 2010, Petitioner Riethmiller has initiated numerous proceedings in this Court pertaining to her divorce proceedings in the Circuit Court of the Twelfth Judicial Circuit, in and for Manatee County, Florida. See Riethmiller v. Riethmiller, 2012 WL 1859725 (Fla. May 15, 2012) (table) (mandamus petition dismissed); Riethmiller v. Riethmiller, 77 So.3d 1255 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 69 So.3d 278 (Fla.2011) (table) (prohibition petition denied); Riethmiller v. Riethmiller, 67 So.3d 200 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 67 So.3d 200 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 67 So.3d 200 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 67 So.3d 200 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 67 So.3d 200 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 67 So.3d 200 (Fla.2011) (table) (mandamus petition denied); Riethmiller v. Fabisiak, 64 So.3d 118 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 60 So.3d 388 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 60 So.3d 388 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 57 So.3d 847 (Fla.2011) (table) (review dismissed); Riethmiller v. Riethmiller, 48 So.3d 837 (Fla.2010) (table) (review dismissed).

. See State v. Spencer, 751 So.2d 47, 48 (Fla.1999) (stating that a court must first provide notice and an opportunity to respond before sanctioning a litigant and prohibiting litigant from future pro se filings).

. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. See, e.g., McCutcheon v. State, 117 So.3d 769 (Fla.2013); James v. Tucker, 75 So.3d 231 (Fla.2011); Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009); Pettway v. McNeil, 987 So.2d 20 (Fla.2008).