# Supreme Court of Florida

_____

No. SC12-840
_____

**FRANK C. JOHNSON,**
Petitioner,

vs.

**THE BANK OF NEW YORK MELLON TRUST COMPANY,**
Respondent.

_____

No. SC12-842
_____

**FRANK C. JOHNSON,**
Petitioner,

vs.

**THE BANK OF NEW YORK MELLON TRUST COMPANY,**
Respondent.

[January 23, 2014]

PER CURIAM.

Petitioner Frank C. Johnson filed petitions for writs of mandamus in the above-styled cases.[1] On December 18, 2012, this Court entered an order consolidating the cases and dismissing the petitions pursuant to Pettway v. State, 776 So. 2d 930, 931 (Fla. 2000). In doing so, we expressly retained jurisdiction to pursue possible sanctions against petitioner. Johnson v. Bank of N. Y. Mellon Trust Co., 2012 WL 6653024 (Fla. Dec. 18, 2012) (table). Over the past several years, petitioner has submitted a tremendous number of pro se filings in various courts in different cases, to the point that he is barred or limited in submitting pro se filings in the First District Court of Appeal, see Johnson v. Wilbur, 981 So. 2d 479 (Fla. 1st DCA 2008), and the Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida.

Since 2004, petitioner has initiated twenty-one proceedings in this Court.[2] Many of his most recent filings have been related to foreclosure proceedings in the

1. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.

2. Johnson v. Wilbur, 895 So. 2d 405 (Fla. 2005) (table) (mandamus petition denied); Johnson v. Law Offices of Marshall, Watson, P.A., 942 So. 2d 412 (Fla. 2006) (table) (mandamus petition denied); Johnson v. Mitchell, 935 So. 2d 499 (Fla. 2006) (table) (review dismissed); Johnson v. The Florida Bar, 937 So. 2d 1099 (Fla. 2006) (table) (mandamus petition dismissed); Johnson v. Judicial Qualifications Comm'n, 977 So. 2d 576 (Fla. 2008) (table) (mandamus petition denied); Johnson v. Wilbur, 979 So. 2d 219 (Fla. 2008) (table) (dismissed for lack of jurisdiction); Johnson v. Wilbur, etc., et al., 979 So. 2d 219 (Fla. 2008) (table) (dismissed for lack of jurisdiction); Johnson v. Wilbur, 978 So. 2d 159 (Fla. 2008) (table) (dismissed for lack of jurisdiction); Johnson v. Law Offices of Marshall Watson, P.A., 979 So. 2d 219 (Fla. 2008) (table) (dismissed for lack of

Circuit Court of the Eighth Judicial Circuit, in and for Alachua County, Florida.

Petitioner has not obtained relief on the merits in any of the proceedings that have

been disposed of in this Court.  Petitioner's cases contain large numbers of

individual filings, including motions, notices, and attachments.  Many of his filings

are handwritten and very difficult to decipher.

Petitioner filed a response to the Court's show cause order on December

31, 2012, and he also filed many other motions and requests for relief.  Upon

consideration of the response to the Court's order, we conclude that he has failed to

show cause why he should not be sanctioned.  Accordingly, we now exercise the

inherent power of this Court to protect itself from abuse of the judicial process and

bar Petitioner Johnson from any future pro se filings of any kind related to his

jurisdiction); Johnson v. Wilbur, 992 So. 2d 820 (Fla. 2008) (table) (dismissed for lack of jurisdiction); Johnson v. Wilbur, 982 So. 2d 685 (Fla. 2008) (table) (dismissed as untimely); Johnson v. Wilbur, 982 So. 2d 685 (Fla. 2008) (table) (dismissed for lack of jurisdiction); Johnson v. Wilbur, 982 So. 2d 684 (Fla. 2008) (table) (dismissed as untimely); Johnson v. Wilbur, etc., et al., 982 So. 2d 684 (Fla. 2008) (table) (dismissed for lack of jurisdiction); Johnson v. Bank of N. Y. Mellon Trust Co., Case No. SC10-1472 (Fla. Sept. 27, 2010) (transferred); Johnson v. Bank of N. Y. Mellon Trust Co., 70 So. 3d 587 (Fla. 2011) (table) (prohibition petition dismissed); Johnson v. Bank of N. Y. Mellon Trust Co., Case No. SC11-1752 (Fla. Oct. 24, 2011) (transferred); Johnson v. Bank of N. Y. Mellon Trust Co., 2012 WL 6653024 (Fla. Dec. 18, 2012) (table) (mandamus petition dismissed); Johnson v. Bank of N. Y. Mellon Trust Co., 2012 WL 6653024 (Fla. Dec. 18, 2012) (table) (mandamus petition dismissed); Johnson v. Bank of N. Y. Mellon Trust Co., Case No. SC13-714 (mandamus petition dismissed); Johnson v. Bank of N. Y. Mellon Trust Co., Case No. SC13-1690 (mandamus petition pending).

foreclosure proceedings. The Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Frank C. Johnson pertaining to Alachua County circuit court case numbers 01-2004-CA-1039 and 01-2008-CA-5581, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Johnson's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[3] Any and all pending motions or requests for relief filed by petitioner in these consolidated cases are denied.

It is so ordered.

POLSTON, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.

Original Proceedings – Mandamus

Frank C. Johnson, Jr., pro se, Gainesville, Florida,

 for Petitioner

Clive N. Morgan, Jacksonville, Florida,

 for Respondent

---

3. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. See, e.g., McCutcheon v. State, 117 So. 3d 769 (Fla. 2013); James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008).