# Supreme Court of Florida

————————

No. SC13-1415

————————

**MATTIE LOMAX,**
Petitioner,

vs.

**ALAN A. TAYLOR,**
Respondent.

[October 30, 2014]

PER CURIAM.

This case came before the Court on the petition of Mattie Lomax for a writ

of mandamus.[1]  In an order dated April 29, 2014, the Court dismissed the petition

pursuant to Pettway v. State, 776 So. 2d 930 (Fla. 2000), but expressly retained

jurisdiction to pursue any possible sanctions against petitioner based upon the

volume of her meritless and inappropriate filings.  Lomax v. Taylor, No. SC13-

1415, 2014 WL 1778010 (Fla. Apr. 29, 2014) (unpublished); see Fla. R. App. P.

9.410(a) (Sanctions; Court's Motion).  Petitioner was directed to show cause why

————————————————

1.  We have jurisdiction.  See art. V, § 3(b)(8), Fla. Const.

she should not be barred from filing in this Court any future pro se pleadings, motions, or other requests for relief.[2]  Petitioner did not respond to this Court's order.  We now impose such sanctions upon petitioner.

Since 2004, petitioner has initiated forty-three other cases in this Court that have either been denied, transferred or dismissed.[3]  This Court has chosen to

---

2.  See State v. Spencer, 751 So. 2d 47, 48 (Fla. 1999) (stating that a court must first provide notice and an opportunity to respond before sanctioning a litigant and prohibiting litigant from future pro se filings).

3.  See Lomax v. Capital Rental Agency, Inc., No. SC04-216 (Fla. Aug. 16, 2004) (petition for writ of mandamus transferred); Lomax v. Capital Rental Agency, Inc., 907 So. 2d 1171 (Fla. 2005) (table) (petition for review dismissed); Lomax v. Procacci Dev. Corp., 945 So. 2d 1290 (Fla. 2006) (table) (petition for review dismissed); Lomax v. Capital Rental Agency, 957 So. 2d 636 (Fla. 2007) (table) (mandamus denied); Lomax v. State, No. SC11-11 (Fla. Jan. 7, 2011) (notice of appeal transferred); Lomax v. Bayview Loan Servicing, LLC, 79 So. 3d 745 (Fla. 2012) (table) (petition for review dismissed); Lomax v. Bayview Loan Servicing, LLC, 91 So. 3d 132 (Fla. 2012) (table) (petition for review dismissed); Lomax v. Bayview Loan Servicing, LLC, 107 So. 3d 405 (Fla. 2012) (table) (petition for review dismissed); Lomax v. Bayview Loan Servicing, LLC, 116 So. 3d 1261 (Fla. 2012) (table) (petition for review dismissed); Lomax v. City of Hialeah Gardens, No. SC12-2695 (Fla. Jan. 28, 2013) (notice of appeal transferred); Lomax v. Taylor, No. SC12-2707 (Fla. Jan. 28, 2013) (notice of appeal transferred); Lomax v. Ruvin, No. SC12-2709 (Fla. Jan. 28, 2013) (notice of appeal transferred); Lomax v. City of Hialeah Gardens, No. SC12-2715 (Fla. Jan. 28, 2013) (notice of appeal transferred); Lomax v. City of Hialeah Gardens, No. SC12-2718 (Fla. Jan. 28, 2013) (notice of appeal transferred); Lomax v. Miami-Dade State Attorney's Office, No. SC12-2720 (Fla. Jan. 28, 2013) (notice of appeal transferred); Lomax v. Miami-Dade State Attorney's Office, No. SC12-2721 (Fla. Jan. 28, 2013) (notice of appeal transferred); Lomax v. City of Miami Police Dep't, No. SC13-11 (Fla. Jan. 28, 2013) (notice of appeal transferred);

Lomax v. Publix Supermarkets, Inc., 110 So. 3d 441 (Fla. 2013) (table) (petition for review dismissed); Twynette v. Jays Real Estate Venture, 114 So. 3d 181 (Fla. 2013) (table) (petition for review dismissed); Twynette v. Dri-Velt, Inc., 130 So. 3d 694 (Fla. 2013) (table) (petition for review dismissed); Lomax v. Bayview Loan Servicing, LLC., No. SC13-333 (Fla. Mar. 8, 2013) (notice of appeal transferred); Lomax v. City of Miami Police Dep"t, 115 So. 3d 1001 (Fla. 2013) (table) (petition for review dismissed); Lomax v. State, 115 So. 3d 1001 (Fla. 2013) (table) (petition for review dismissed); Lomax v. Reynolds, No. SC12-2719 (Fla. Apr. 26, 2013) (notice of appeal transferred); Lomax v. Bayview Loan Servicing, LLC, 130 So. 3d 693 (Fla. 2013) (table) (petition for review dismissed); Lomax v. Bayview Loan Servicing, LLC, 116 So. 3d 1261 (Fla. 2013) (table) (petition for review dismissed); Lomax v. Bayview Loan Servicing, LLC, 118 So. 3d 221 (Fla. 2013) (table) (mandamus petition dismissed); Lomax v. Capital Rental Agency, Inc., No. SC12-2751 (Fla. Aug. 1, 2013) (notice of appeal transferred); Twynette v. Ivory, No. SC13-981 (Fla. Aug. 19, 2013) (notice of appeal transferred); Lomax v. Miami-Dade Cnty, 126 So. 3d 1057 (Fla. 2013) (table) (petition for review dismissed); Lomax v. Ruvin, 129 So. 3d 1068 (Fla. 2013) (table) (mandamus dismissed); Lomax v. James, No. SC13-1985 (Fla. Nov. 7, 2013) (notice of appeal transferred); Lomax v. Citrus Health Network, Inc., 131 So. 3d 789 (Fla. 2013) (table) (mandamus denied); Lomax v. The City of Hialeah Gardens, 133 So. 3d 527 (Fla. 2014) (table) (petition for review dismissed); Lomax v. Miami-Dade State Attorney's Office, 133 So. 3d 527 (Fla. 2014) (table) (petition for review dismissed); Lomax v. Capital Rental Agency, Inc., 134 So. 3d 448 (Fla. 2014) (table) (petition for review dismissed); Lomax v. 50 State Security Services, Inc., 135 So. 3d 288 (Fla. 2014) (table) (mandamus dismissed); Lomax v. Officer Reynolds, 135 So. 3d 288 (Fla. 2014) (table) (notice of appeal dismissed); Lomax v. City of Miami Police Dep't, 135 So. 3d 288 (Fla. 2014) (table) (all writs petition dismissed); Lomax v. City of Miami Police Dep't, 135 So. 3d 288 (Fla. 2014) (table) (all writs petition dismissed); Lomax v. Capital Rental Agency, Inc., No. SC13-2085 (Fla. Feb. 17, 2014) (petition for review dismissed); Lomax v. Ivory, No. SC13-2087 (Fla. Feb. 17, 2014) (petition for review dismissed); Lomax v. Bayview Loan Servicing, LLC, No. SC13-975 (Fla. Mar. 24, 2014) (mandamus dismissed).

sanction pro se petitioners who have abused the judicial process and otherwise misused this Court's limited judicial resources by filing frivolous, non-meritorious, or otherwise inappropriate filings. Such petitioners have been barred from initiating further proceedings in this Court unless their pleadings, motions, or other requests for relief were filed under the signature of a member of The Florida Bar in good standing. See, e.g., Johnson v. Bank of New York Mellon Trust Co., 136 So. 3d 507 (Fla. 2014); Riethmiller v. Riethmiller, 133 So. 3d 926 (Fla. 2013); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008). Petitioner has failed to show cause why she should not be so sanctioned.

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Mattie Lomax a/k/a Tama Twynette, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Lomax's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Mandamus

Mattie Lomax, pro se, Detroit, Michigan,

    for Petitioner

No appearance for Respondent