# Supreme Court of Florida

_____

No. SC14-866
_____

**SHANNON L. CLARK,**
Petitioner,

vs.

**MICHAEL D. CREWS, etc.,**
Respondent.

[November 20, 2014]

PER CURIAM.

This case came before the Court on the petition of Shannon L. Clark for a writ of habeas corpus.[1]  In an order dated June 23, 2014, the Court denied Clark's petition and expressly retained jurisdiction to pursue any possible sanctions against petitioner based upon the volume of petitioner's meritless and inappropriate filings. Clark v. Crews, No. SC14-866, 2014 WL 2885413 (Fla. Jun. 23, 2014) (unpublished); see Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).  Since 2006, petitioner has filed at least twenty-three extraordinary writ petitions, not

_____

1.  We have jurisdiction.  See art. V, § 3(b)(9), Fla. Const.

including the instant petition.[2] Petitioner was directed to show cause why he should not be barred from filing in this Court any future pro se pleadings, motions, or other requests for relief pertaining to his criminal convictions and sentences in Case No. CRC00–21224CFANO–C, and why a certified copy of the Court's findings should not be forwarded to the appropriate institution for disciplinary procedures pursuant to the Florida Department of Corrections as provided in section 944.09, Florida Statutes (2014).

---

2.  Clark v. McDonough, No. SC06-2184 (habeas transferred on 12/11/2006); Clark v. McDonough, No. SC07-76 (habeas transferred on 1/29/2007); Clark v. State, 958 So. 2d 918 (Fla. 2007) (table) (mandamus denied); Clark v. McNeil, 975 So. 2d 428 (Fla. 2008) (table) (habeas dismissed); Clark v. State, 5 So. 3d 668 (Fla. 2009) (mandamus denied); Clark v. McNeil, No. SC08-2311 (habeas transferred on 1/15/2009); Clark v. McNeil, 4 So. 3d 676 (Fla. 2009) (table) (habeas dismissed); Clark v. McNeil, No. SC09-854 (mandamus transferred on 11/17/2009); Clark v. State, No. SC09-1051 (prohibition transferred on 8/18/2009); Clark v. State, 19 So. 3d 310 (Fla. 2009) (table) (mandamus denied); Clark v. McNeil, 51 So. 3d 465 (Fla. 2010) (table) (all writs dismissed); Clark v. State, 59 So. 3d 107 (Fla. 2011) (table) (mandamus denied); Clark v. McNeil, 50 So. 3d 1137 (Fla. 2010) (table) (habeas dismissed); Clark v. McNeil, No. SC10-2021 (mandamus transferred on 12/2/2010); Clark v. State, No. SC11-2195 (mandamus transferred on 11/28/2011); Clark v. State, No. SC12-2139 (mandamus transferred on 10/24/2012); Clark v. Khouzam, No. SC13-1876 (quo warranto transferred on 12/16/2013); Clark v. State, 139 So. 3d 884 (Fla. 2014) (table) (all writs dismissed); Clark v. McCabe, 137 So. 3d 1019 (Fla. 2014) (quo warranto denied); Clark v. State, No. SC13-2478 (mandamus transferred 1/29/2014); Clark v. State, 139 So. 3d 884 (Fla. 2014) (all writs dismissed); Clark v. State, 143 So. 3d 917 (Fla. 2014) (table) (mandamus dismissed); and Clark v. Crews, 143 So. 3d 917 (Fla. 2014) (table) (habeas dismissed).

Clark currently is incarcerated in the Florida Department of Corrections upon his judgment of conviction for one count of first-degree murder and one count of home invasion robbery in case number CR00-21224CFANO-C, entered by the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida, on December 21, 2001. The Second District Court of Appeal affirmed Clark's judgment of conviction and sentences on December 27, 2002. Clark v. State, 837 So. 2d 974 (Fla. 2d DCA 2002) (table). Clark, who is serving a life sentence on the murder conviction, was resentenced on June 24, 2014, on the home invasion robbery count to a term of thirty years' imprisonment.

Clark filed a response to this Court's order to show cause, opposing a pro se barring order based upon the First Amendment to the United States Constitution. Petitioner did not address his frequent filing of nonmeritorious and frivolous filings. After considering Clark's response to the show cause order, we conclude that the response fails to show cause why sanctions should not be imposed. We further conclude that Clark's habeas corpus petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner. See 944.279(1), Fla. Stat. (2014).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Shannon L. Clark, that are related to case number CR00-21224CFANO-C, unless such filings

are signed by a member in good standing of The Florida Bar. Counsel may file on Clark's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[3] Furthermore, because we have found Clark's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2014), to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Clark is incarcerated.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceedings – Habeas Corpus

Shannon L. Clark, pro-se, Bristol, Florida,

for Petitioner

No appearance for Respondent

---

3. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. See, e.g., McCutcheon v. State, 117 So. 3d 769 (Fla. 2013); James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008).