# Supreme Court of Florida

_____

No. SC15-1473
_____

**TOMMY L. GREEN, SR.,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[March 10, 2016]

PER CURIAM.

Tommy L. Green, Sr., an inmate in state custody, filed a pro se petition for writ of mandamus with this Court.[1]  His petition in this case is the twenty-third extraordinary writ petition or notice he has filed with this Court since 2011.  We denied Green's petition in this case and expressly retained jurisdiction to pursue possible sanctions against him based upon the volume of his meritless and inappropriate filings.  Green v. State, No. SC15-1473 (Fla. Order Filed Nov. 11, 2015) (order denying mandamus relief and directing Green to show cause why pro

---

1.  We have jurisdiction.  See art. V, § 3(b)(8), Fla. Const.

se filing restrictions should not be imposed); see also Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Green was convicted in the Circuit Court of the Fifth Judicial Circuit, in and for Sumter County, Florida, of multiple criminal offenses including aggravated assault and cocaine possession. He was sentenced in April 2011 to fifteen years in prison. On January 20, 2012, the Fifth District Court of Appeal affirmed Green's convictions and sentences. See Green v. State, 83 So. 3d 883 (Fla. 5th DCA 2012).

Green began filing with this Court in 2011. Since that time, he has filed twenty-three extraordinary writ petitions or notices.[2] All of his filings have

_____

2. See Green v. Fla. Comm'n on Ethics, Case No. SC15-1462 (Fla. Oct. 15, 2015) (mandamus petition dismissed); Green v. State, Case No. SC15-1427 (Fla. Oct. 15, 2015) (mandamus petition denied); Green v. Fla. Dep't of Corr., Case No. SC15-1392 (Fla. Oct. 15, 2015) (mandamus petition denied); Green v. Fla. Dep't of Corr., Case No. SC15-1378 (Fla. Oct. 15, 2015) (mandamus petition denied); Green v. State, Case No. SC15-1213 (Fla. Sept. 10, 2015) (mandamus petition dismissed); Green v. State, Case No. SC14-2513 (Fla. Feb. 6, 2015) (mandamus petition transferred to circuit court); Green v. State, 171 So. 3d 116 (Fla. 2015) (table) (mandamus petition denied); Green v. State, 160 So. 3d 894 (Fla. 2014) (table) (all writs petition dismissed); Green v. State, 151 So. 3d 1225 (Fla. 2014) (table) (mandamus petition dismissed); Green v. State, 143 So. 3d 918 (Fla. 2014) (table) (mandamus petition denied); Green v. Crews, 139 So. 3d 885 (Fla. 2014) (table) (habeas petition denied); Green v. State, 139 So. 3d 885 (Fla. 2014) (table) (mandamus petition dismissed); Green v. State, 139 So. 3d 297 (Fla. 2014) (table) (notice dismissed for lack of jurisdiction); Green v. City of Wildwood, Fla., 134 So. 3d 447 (Fla. 2014) (table) (notice Court declined to accept jurisdiction); Green v. Crews, 130 So. 3d 692 (Fla. 2013) (table) (notice dismissed for lack of jurisdiction); Green v. City of Wildwood Police Dep't, 105 So. 3d 520 (Fla. 2012) (table) (notice dismissed for lack of jurisdiction); Green v. State, 99 So. 3d 943 (Fla. 2012) (table) (notice Court declined to accept jurisdiction); Green v. City of Wildwood Police Dep't, Case No. SC12-790 (Fla. May 8, 2012) (prohibition

pertained to his convictions and sentences in circuit court case number 2011-CF-182, and have been frivolous, devoid of merit, or inappropriate for consideration by this Court. We have never granted Green the relief sought by him in any of his filings.

Green's mandamus petition in this case simply continues his pattern of filing frivolous and meritless pro se requests for relief. In it, Green sought to compel the Fifth District Court of Appeal to accept his filings. The petition did not satisfy the basic requirements for the issuance of a writ of mandamus. See Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000) ("In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available."). We denied the petition and, in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), directed Green to show cause why he should not be barred from filing any future pro se requests for relief and referred to the Department of Corrections for possible disciplinary action pursuant to section 944.279, Florida Statutes.

---

petition transferred to district court); Green v. Greene et al., Case No. SC12-786 (Fla. May 8, 2012) (prohibition petition transferred to district court); Green v. State, 114 So. 3d 934 (Fla. 2012) (table) (notice dismissed as duplicative); Green v. Fla. Dep't of Corr., 86 So. 3d 1113 (Fla. 2012) (table) (notice dismissed for lack of jurisdiction); Green v. State, 77 So. 3d 646 (Fla. 2011) (table) (mandamus petition denied).

Green filed a response to the order to show cause in which he reasserted the same attacks on the legality of his convictions and sentences that he has previously presented to this Court in his other filings. At no point in his response does Green offer any justification for his use or express any remorse for his repeated misuse of the Court's limited judicial resources. Based on his substantial filing history, it is likely that, if left unrestrained, Green will continue to inundate this Court with frivolous or meritless requests for relief. We therefore conclude that Green has failed to show cause why sanctions should not be imposed against him for his repeated misuse of this Court's limited judicial resources. We further conclude that the petition filed by Tommy L. Green, Sr., in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2015).

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Tommy L. Green, Sr., that pertain to case number 2011-CF-182, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Green may only petition the Court about his conviction or sentence in case number 2011-CF-182 through the assistance of counsel whenever such counsel determines that

the proceeding may have merit and can be filed in good faith.[3] Further, because we have found Green's petitions to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes, to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Green is incarcerated.[4]

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Mandamus

Tommy L. Green, Sr., pro se, Bushnell, Florida,

for Petitioner

No appearance for Respondent

---

3. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., Clark v. Crews, 159 So. 3d 122 (Fla. 2014); McCutcheon v. State, 117 So. 3d 769 (Fla. 2013); James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008).

4. See, e.g., Clark, 159 So. 3d at 123; McCutcheon, 117 So. 3d at 771; James, 75 So. 3d at 232; Johnson, 59 So. 3d at 1080; Steele, 14 So. 3d at 221.