# Supreme Court of Florida

_____

No. SC16-1041

_____

**KENNETH L. GRIMSLEY,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[November 23, 2016]

PER CURIAM.

This case is before the Court on the petition of Kenneth L. Grimsley for a writ of habeas corpus.[1] His petition is the twelfth extraordinary writ petition or notice he has filed with this Court since 2005. We dismissed Grimsley's petition in this case and expressly retained jurisdiction to pursue any possible sanctions against him based upon the volume and repetitive nature of his frivolous and inappropriate filings. Grimsley v. Jones, No. SC16-1041, 2016 WL 4446496 (Fla.

----

1. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

Order Filed Aug. 23, 2016) (unpublished); see also Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Grimsley currently is incarcerated in the Florida Department of Corrections upon his judgments of conviction and sentences in case number 96-1003-CF for robbery with a firearm (Count I), aggravated battery with a firearm (Count II), and possession of a firearm by a felon (Count III), as well as violation of his probation in case numbers 90-2048-CF (attempted robbery with a deadly weapon), 90-2049-CF (robbery with a firearm), and 90-2050-CF (robbery with a firearm). On April 17, 1997, the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, sentenced Grimsley to seven years' imprisonment for violating his probation in case numbers 90-2048-CF, 90-2049-CF, and 90-2050-CF. In case number 96-1003-CF, Grimsley was sentenced to forty years' imprisonment as a Habitual Violent Felony Offender as to Counts I and II, and to thirty years' imprisonment as a Habitual Violent Felony Offender as to Count III. Grimsley did not take a direct appeal.

Grimsley began filing petitions challenging his incarceration with this Court in 2005. Since that time, he has filed eleven additional extraordinary writ petitions or notices.[2] All of his filings have pertained to his convictions and sentences in

2. Grimsley v. Jones, No. SC16-452 (Fla. Apr. 11, 2016) (habeas petition dismissed pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004)); Grimsley v. Jones, 177 So. 3d 1266 (Fla. 2015) (table) (Case No. SC15-1059) (habeas petition

circuit court case numbers 90-2048-CF, 90-2049-CF, 90-2050-CF, and 96-1003-CF, and have been frivolous, devoid of merit, or inappropriate for consideration by this Court. We have never granted Grimsley the relief sought by him in any of his filings.

Grimsley's habeas petition in this case clearly continues his pattern of filing frivolous pro se requests for relief. In it, Grimsley attempts to collaterally attack the legality of his convictions and sentences based on a claim that the trial court lacked jurisdiction due to fundamental errors. Such use of the writ of habeas corpus is unauthorized as, with limited exceptions, collateral postconviction challenges must be raised under Florida Rule of Criminal Procedure 3.850. See

---

dismissed pursuant to Pettway v. State, 776 So. 2d 930, 931 (Fla. 2000)); Grimsley v. Jones, 168 So. 3d 225 (Fla. 2015) (table) (Case No. SC15-371) (habeas petition dismissed pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004)); Grimsley v. Crews, 151 So. 3d 1225 (Fla. 2014) (table) (Case No. SC14-1141) (habeas petition dismissed pursuant to Pettway v. State, 776 So. 2d 930, 931 (Fla. 2000)); Grimsley v. State, 145 So. 3d 824 (Fla. 2014) (table) (Case No. SC14-950) (mandamus petition voluntarily dismissed); Grimsley v. State, Case No. SC14-154 (Fla. Feb. 6, 2014) (habeas petition transferred); Grimsley v. McNeil, 28 So. 3d 44 (Fla. 2010) (table) (Case No. SC09-1855) (habeas petition dismissed pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004)); Grimsley v. McNeil, 18 So. 3d 1037 (Fla. 2009) (table) (Case No. SC09-1331) (habeas petition dismissed pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004)); Grimsley v. State, 954 So. 2d 27 (Fla. 2007) (table) (Case No. SC06-2444) (mandamus petition denied under the authority of Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000)); Grimsley v. McDonough, 944 So. 2d 344 (Fla. 2006) (table) (Case No. SC06-1768) (habeas petition dismissed pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004)); Grimsley v. State, 935 So. 2d 1219 (Fla. 2005) (table) (Case No. SC05-665) (notice administratively dismissed).

Baker v. State, 878 So. 2d 1236, 1245 (Fla. 2004). Moreover, Grimsley's allegations of trial court error are not cognizable by motion under rule 3.850. See Fla. R. Crim. P. 3.850(c); see also McCrae v. State, 437 So. 2d 1388, 1390 (Fla. 1983). We dismissed the petition and, in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), directed Grimsley to show cause why he should not be barred from filing any future pro se requests for relief and referred to the Florida Department of Corrections for possible disciplinary action as provided in section 944.09, Florida Statutes (2016).

Grimsley filed a response to this Court's order to show cause, opposing a pro se barring order on the basis that his prior filings were made in good faith based on his right of access to courts, that the Court did not forewarn him of potential sanctions prior to issuance of the order to show cause, and that his filings had been prepared on his behalf by prison law clerks. After considering Grimsley's response to the show cause order, we conclude that it fails to show cause why sanctions should not be imposed. We further conclude that Grimsley's habeas corpus petition filed in this case, which represents the ninth petition for writ of habeas corpus in which he has raised the same issues and sought the same relief, is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2016).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Kenneth L. Grimsley that are related to case numbers 90-2048-CF, 90-2049-CF, 90-2050-CF, and 96-1003-CF, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Grimsley's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[3] Furthermore, because we have found Grimsley's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2016), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Grimsley is incarcerated.

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

Original Proceeding – Habeas Corpus

Kenneth L. Grimsley, pro se, Lowell, Florida,

---

3. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing scarce judicial resources in this Court. See, e.g., Green v. State, 190 So. 3d 1026 (Fla. 2016); Casey v. State, 177 So. 3d 603 (Fla. 2015); Clark v. Crews, 159 So. 3d 122 (Fla. 2014); McCutcheon v. State, 117 So. 3d 769 (Fla. 2013); James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008).

for Petitioner

No appearance for Respondent