# Supreme Court of Florida

_____

No. SC16-1644
_____

**GENO L. HAWKINS, SR.,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[February 23, 2017]

PER CURIAM.

This case is before the Court on the petition of Geno L. Hawkins, Sr., for a writ of habeas corpus.[1]  His petition is the thirteenth extraordinary writ petition he has filed with this Court since 2012.  We dismissed Hawkins' petition in this case and expressly retained jurisdiction to pursue any possible sanctions against him based upon the volume and repetitive nature of his frivolous and inappropriate filings.  Hawkins v. Jones, No. SC16-1644, 2016 WL 6637918 (Fla. Order Filed

_____

1.  We have jurisdiction.  See art. V, § 3(b)(9), Fla. Const.

Nov. 9, 2016) (unpublished); see also Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Hawkins was convicted in the Circuit Court of the Second Judicial Circuit, in and for Gadsden County, of sexual battery on an inmate by a law enforcement officer (No. 2008-CF-000656A). He was sentenced in September 2009 to ten years of imprisonment and thirty years of community service. The First District Court of Appeal per curiam affirmed Hawkins' conviction and sentence on August 17, 2011. Hawkins v. State, 68 So. 3d 237 (Fla. 1st DCA 2011) (table).

Hawkins began filing petitions challenging his incarceration with this Court in 2012. Since that time, he has filed twelve previous extraordinary writ petitions, and his petition in this case is the result of yet another attempt to challenge his conviction and sentence.[2] All of his filings have pertained to his conviction and

---

2. Hawkins v. Jones, No. SC16-1129 (Fla. Sept. 13, 2016) (habeas petition voluntarily dismissed); Hawkins v. Jones, No. SC16-712 (Fla. June 3, 2016) (habeas petition dismissed as unauthorized); Hawkins v. Jones, No. SC16-518 (Fla. Apr. 8, 2016) (habeas petition voluntarily dismissed); Hawkins v. Jones, 177 So. 3d 1266 (Fla. 2015) (table) (habeas petition dismissed as unauthorized); Hawkins v. Jones, No. SC15-763 (Fla. June 3, 2015) (habeas petition transferred); Hawkins v. State, 168 So. 3d 225 (Fla. 2015) (table) (habeas petition dismissed as unauthorized); Hawkins v. Jones, 163 So. 3d 509 (Fla. 2015) (table) (habeas petition dismissed as unauthorized); Hawkins v. State, 147 So. 3d 523 (Fla. 2014) (table) (mandamus petition denied in part, dismissed in part); Hawkins v. State, 145 So. 3d 824 (Fla. 2014) (table) (pro se notice to invoke discretionary jurisdiction dismissed as unauthorized); Hawkins v. Crews, 139 So. 3d 885 (Fla. 2014) (table) (habeas petition dismissed as unauthorized); Hawkins v. Crews, No.

sentence in circuit court case 2008-CF-000656A and have been frivolous, devoid of merit, or inappropriate for consideration by this Court. We have never granted Hawkins the relief sought by him in any of his filings.

Hawkins' habeas petition in this case is no exception. In it, Hawkins challenged his conviction and sought immediate release and/or damages by claiming that he was falsely accused. Hawkins also argued that the victim, prison officials, and law enforcement officers conspired to secure his arrest and wrongful conviction; he was subjected to an illegal search and seizure; his counsel was ineffective; and his conviction was invalidated by procedural errors committed prior to his arrest and in the trial court. Such use of the writ of habeas corpus is unauthorized as, with limited exceptions, collateral postconviction challenges must be raised under Florida Rule of Criminal Procedure 3.850. See Baker v. State, 878 So. 2d 1236, 1245 (Fla. 2004). Furthermore, Hawkins' allegations of trial court error are not cognizable by motion under rule 3.850. See Fla. R. Crim. P. 3.850(c); see also McCrae v. State, 437 So. 2d 1388, 1390 (Fla. 1983). We dismissed the petition and, in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), directed Hawkins to show cause why he should not be barred from filing any future pro se requests for relief and referred to the Florida Department of

_____

SC13-1104 (Fla. Aug. 26, 2013) (habeas petition transferred); Hawkins v. Crews, No. SC12-2254 (Fla. Mar. 22, 2013) (habeas petition transferred).

Corrections for possible disciplinary action pursuant to section 944.279, Florida Statutes (2016). Hawkins failed to file a response to the order to show cause.

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. See, e.g., Green v. State, 190 So. 3d 1026, 1027-28 (Fla. 2016); Nelson v. Crews, 110 So. 3d 890, 891 (Fla. 2013). Through his persistent filing of frivolous or meritless requests for relief, Hawkins has abused the judicial process and burdened this Court's limited judicial resources. His filings clearly indicate that he lacks any understanding of the appellate process and that he is unwilling to gain an understanding of it. Hawkins did not respond to the order to show cause and, therefore, has failed to offer any justification for his use or to express regret for his repeated misuse of this Court's resources. We are therefore convinced that if not restrained, Hawkins will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to circuit court case 2008-CF-000656A.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Geno L. Hawkins, Sr., that pertain to circuit court case 2008-CF-000656A, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Hawkins may petition the Court about his conviction or sentence in case 2008-CF-000656A only through

the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

Additionally, we find that the petition filed by Geno L. Hawkins, Sr., in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2016). Consistent with section 944.279(1), Florida Statutes (2016), we direct the Clerk of this Court to forward a certified copy of this opinion to the institution or facility of the Florida Department of Corrections where Hawkins is incarcerated. See Steele v. State, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

Original Proceeding – Habeas Corpus

Geno L. Hawkins, Sr., pro se, Chipley, Florida,

    for Petitioner

No appearance for Respondent