715 So.2d 261 (1998)
Elijah BIVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 97-02769.
District Court of Appeal of Florida, Second District.
February 4, 1998.
PER CURIAM.
Elijah Bivens challenges the order of the trial court which denied his motion to correct illegal sentence and prohibits him from filing any further pro se pleadings in the circuit court attacking his judgment or sentence on trial court case number 81-4301. We affirm both the trial court's denial of his meritless and successive attack on his 1982 sentence and its decision to forbid him from initiating additional challenges to his confinement under that trial court case number. We join the circuit court in its expression of exhaustion over Bivens' litigiousness, and with this opinion proscribe him hereafter from seeking review, either appellate or through original proceedings, in this court in connection with his 1982 Hillsborough County conviction for armed robbery.
The trial court's order for which review is sought in this appeal consists of fourteen meticulously drafted pages, outlining the epic litigation history Bivens has engineered from his prison setting in attempts to gain relief from the sentence he continues to serve. In excess of thirty proceedings, in at least six different forums, are documented, and the trial court is without access to many others. In the last six years alone Bivens has visited this court on no fewer than ten occasions in reference to his 1982 conviction.
The trial court's judgment to discontinue devoting precious judicial energy to Bivens' litigation is affirmed. See Huffman v. State, 693 So.2d 570 (Fla. 2d DCA 1996). Furthermore, we direct the clerk of this court to reject for filing all pro se notices of appeal and petitions for extraordinary relief arising out of Bivens' 1982 conviction and sentence. See Huffman v. Singletary, 696 So.2d 788 (Fla. 2d DCA 1997). Should Bivens disregard either this opinion or the order of the trial court which we affirm, he may be subject to sanctions which can include the forfeiture of gain-time. See Mercade v. State, 698 So.2d 1313 (Fla. 2d DCA 1997).
Accordingly, we affirm the denial of Bivens' rule 3.850 motion and the limitation of further filings in the circuit court and direct the clerk of this court to reject all pro se filings directed to his 1982 conviction and sentence.
CAMPBELL, A.C.J., and BLUE and FULMER, JJ., concur.