725 So.2d 428 (1999)
John Everett PETTWAY, Appellant,
v.
STATE of Florida, Appellee.
District Court of Appeal of Florida, Second District.
February 3, 1999.
PER CURIAM.
John Everett Pettway appeals the trial court's denial of his motion to correct an illegal sentence, and also has pending in this court a petition for habeas corpus directed to the same sentence and alleging the same grounds for relief as set out in his appeal. We affirm the trial court's denial of Pettway's meritless and successive attack on his sentence, and by an order issued contemporaneously with this opinion, deny his petition for writ of habeas corpus. In addition, we find that Pettway has abused the process of this court.
Since March 1995, Pettway has filed seventeen appeals or petitions for original writs in this court, including the two currently pending. All seventeen of these cases relate to the same convictions. Pettway was successful in two of his cases. In case no. 95-1252, this court reversed an order assessing costs against Pettway, and directed the trial court to conduct an evidentiary hearing on the amount of costs to be charged to Pettway. In case no. 95-2063, this court directed the trial court to consider a motion filed pursuant to Florida Rule of Criminal Procedure 3.850 *429 while the cost appeal was pending. Pettway's convictions and sentence have been exhaustively reviewed by this court and by the trial court, and he has received all relief due to him in this matter.
Accordingly, the order of the trial court is affirmed, and the clerk of this court is directed to reject for filing all petitions for extraordinary relief sent by or on behalf of Pettway relating to his current conviction and sentence,[1] unless submitted and signed by a member in good standing of The Florida Bar. Any such papers filed in violation of this order will be automatically placed in an inactive file. Future notices of appeal filed in the trial court clerk's office that do not comply with this decision will not be docketed by the clerk of this court and will be summarily stricken. See Day v. Vinson, 713 So.2d 1016 (Fla. 2d DCA 1998) (finding that litigant had abused process of court, and directing that future actions filed by litigant be stricken or not filed). See also Bivens v. State, 715 So.2d 261 (Fla. 2d DCA 1998); Huffman v. State, 693 So.2d 570 (Fla. 2d DCA 1996); Attwood v. Singletary, 659 So.2d 1127 (Fla. 2d DCA 1995).
Affirmed.
CAMPBELL, A.C.J., and WHATLEY and NORTHCUTT, JJ., Concur.
NOTES
[1] Pettway was convicted and sentenced on July 12, 1993, of burglary, and of two counts of handling and fondling a child under the age of sixteen years, case no. 92-03445CFAES, in the Circuit Court of the Sixth Judicial Circuit, in and for Pasco County.