PER CURIAM.
Harold Ray Willis appeals the trial court’s omnibus order denying his petition for writ of habeas corpus, finding his petition to be frivolous, prohibiting him from further pro se filings, and recommending forfeiture of gain time to the Department of Corrections (DOC). We affirm the trial court’s disposition of Willis’ petition for writ of habeas corpus without discussion. We reverse, however, as to the remainder of the trial court’s order which we find was entered prematurely.
Willis was tried by ’a jury and found guilty on two counts of lewd assault and one count of sexual assault. On November 13, 1989, he was sentenced to fifteen years on each count of lewd assault and was sentenced to life, with a twenty-five year minimum, on the sexual battery count. On December 18, 1991, this court affirmed, per curiam, Willis’ conviction and sentence.
In the order under review, the trial court determined that Willis, through his pro se filings, had abused the legal process and, consequently, prohibited Willis from filing any further pro se attacks on that conviction and sentence. It further recommended to the DOC that sanctions be imposed against Willis in the form of forfeiture of gain time. We believe the trial court erred in imposing these sanctions.
We recognize that courts may, “upon a demonstration of egregious abuse of the judicial process, restrict parties from filing pro se pleadings with the court.” Spencer v. State, 717 So.2d 95, 96(Fla. 1st DCA 1998). We have not hesitated, under the appropriate circumstances, to affirm the trial court’s imposition of such sanctions. See Bivens v. State, 715 So.2d 261 (Fla. 2d DCA 1998); Huffman v. State, 693 So.2d 570, 571 (Fla. 2d DCA 1996). We, however, do not believe this case presents such circumstances and, therefore, reverse that portion of the trial court’s order imposing sanctions against Willis.
By our decision, we are not suggesting that Willis may make any additional filings in the trial court or in this court. Willis’ conviction and sentence have been extensively reviewed by the trial court and this court; they became final in 1991 and any subsequent collateral attack on them will most likely be time-barred or successive. Should Willis continue to make meritless filings, he would properly become subject to the sanctions imposed by the trial court. We caution Willis to conduct himself accordingly.
Affirmed in part and reversed in part.
PATTERSON, A.C.J., and BLUE and FULMER, JJ., Concur.