776 So.2d 930 (2000)
John Everett PETTWAY, Petitioner,
v.
STATE of Florida Respondent.
No. SC00-370.
Supreme Court of Florida.
November 9, 2000.
Rehearing Denied January 26, 2001.
John E. Pettway, Sneads, Florida, Petitioner, pro se.
No Appearance for Respondent.
PER CURIAM.
On February 23, 2000, petitioner John Everett Pettway filed a petition for writ of habeas corpus in this Court. In the petition, Pettway asserted, inter alia, that he had received ineffective assistance of appellate counsel. Although we have jurisdiction over petitions for writ of habeas corpus, see art. V, § 3(b)(9), Fla. Const., pursuant to Florida Rule of Appellate Procedure 9.140(j)(1), on March 27, 2000, the petition was administratively transferred to the district court of appeal where the alleged ineffective assistance of counsel occurred. We now deny Pettway's motion to enforce our previous transfer order.
On April 24, 2000, the clerk of court of the Second District Court of Appeal sent Pettway a letter acknowledging receipt of the transferred petition but advising him that the case would not be considered, citing its decision in Pettway v. State, 725 So.2d 428 (Fla. 2d DCA), review denied, 735 So.2d 1286 (Fla.1999), wherein the Second District held that Pettway had abused its processes by filing successive *931 and meritless petitions repeatedly challenging the same convictions and sentences. The court stated that
Pettway's convictions and sentence have been exhaustively reviewed by this court and by the trial court, and he has received all relief due to him in this matter.
Accordingly ... the clerk of this court is directed to reject for filing all petitions for extraordinary relief sent by or on behalf of Pettway relating to his current conviction and sentence, unless submitted and signed by a member in good standing of The Florida Bar.
Pettway, 725 So.2d at 429 (footnote omitted). After receiving the letter from the Second District, Pettway filed a notice in this Court attaching the letter and asking this Court to compel the Second District to hear his case. Pettway has also filed an amended petition. We have treated the notice and the amended petition as a motion to enforce our transfer order. We deny the motion as set forth below.
This Court denied review of the District Court's sanctioning decision when Pettway sought discretionary review of it in June of 1999. See Pettway v. State, 735 So.2d 1286 (Fla.1999). Therefore, the propriety of that decision cannot be further contested in this proceeding. The sanction imposed by the Second District in Pettway's case bars him from submitting pleadings challenging certain convictions and sentences. It appears from the Second District Court's decision that Pettway's abuse has been limited to petitions challenging certain convictions and the sanction has been equally limited to restricting only the types of petitions which Pettway has abused. Having concluded that the Second District's decision is not subject to attack, we find no reason why we should require that the Second District accept this Court's transfer under the circumstances described above.
This Court held in Harvard v. Singletary, 733 So.2d 1020 (Fla.1999), that due to constraints on its time this Court would transfer the majority of individualized proceedings to the lower courts where jurisdiction and relief are both available, reserving for this Court only exceptional matters meriting resolution by Florida's highest court. To say that most petitions will be transferred to the lower courts because the cases do not warrant consideration by the Florida Supreme Court but those individualized petitions filed by litigants who have abused the system will be heard by the Florida Supreme Court (regardless of exceptional circumstances or state-wide importance) would be contrary to the underlying concept embodied in Harvard.
This Court's transfer order specifically stated that "the transfer of this case is not an adjudication or comment on the merits of the petition; nor is it a determination as to the transferee court's jurisdiction." Our order did not actually require that the Second District accept and consider Pettway's case on the merits and we see no reason why we should compel it to do so now.
Accordingly, we conclude that this Court will generally not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there. We deny Pettway's motion to enforce the transfer order.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.