PER CURIAM.
Jeffrey Robert Hastings, an inmate in state custody, filed a pro se petition for writ of mandamus with this Court.[1] Hastings’ petition is the twenty-seventh notice or extraordinary writ petition he has filed with this Court since 2000. For many years, Hastings has been unsuccessfully attempting to collaterally attack his conviction or sentence for escape in State v. Hastings, Case No. 74-179-CF (Seventh Judicial Circuit), and his convictions or sentences for manslaughter in State v. Hastings, Case No. 79-3126-CFA02 (Fifteenth Judicial Circuit). We now determine that, because Hastings has abused the limited judicial resources of this Court, sanctions are warranted.
In 1974, Hastings entered a guilty plea to escaping from state custody and was sentenced by the Circuit Court of the Seventh Judicial Circuit in and for Putnam County, Florida, to a fifteen-year term in prison. In a separate case, Hastings was convicted of six counts of manslaughter and sentenced in 1980 by the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, as a habitual offender to six consecutive thirty-year terms in prison.
After his convictions and sentences in both cases became final, Hastings filed numerous pro se filings in this and other *741 courts. In August 1998, the Fifteenth Judicial Circuit issued an order prohibiting Hastings from filing any further pro se filings involving his manslaughter convictions and sentences. The Fifth District Court of Appeal, on June 1, 2001, issued an opinion prohibiting Hastings from filing any further pro se filings involving his conviction and sentence for escape. Hastings v. State, 788 So.2d 342 (Fla. 5th DCA 2001). On January 2, 2008, the Fourth District Court of Appeal issued an opinion prohibiting Hastings from filing any further pro se filings involving his convictions and sentences for manslaughter. Hastings v. Krischer, 840 So.2d 267, 272 (Fla. 4th DCA 2003).
On or about December 17, 2010, Hastings filed the instant petition for writ of mandamus with this Court. In his petition, Hastings requested that we compel the Office of the Public Defender for the Fifteenth Judicial Circuit to assist him in obtaining postconviction relief. By order dated May 18, 2011, we dismissed Hastings’ mandamus petition. Hastings v. State, 64 So.3d 117 (Fla.2011) (table).[2] Concurrent with the dismissal of his mandamus petition, we expressly retained jurisdiction to impose possible sanctions, and directed Hastings to show cause why this Court should not reject any future pro se filings submitted by him to this Court that pertain to his convictions or sentences in Case No. 74-179-CF and Case No. 79-3126-CFA02.
In his response to the order to show cause, Hastings argues that he should not be sanctioned for diligently pursuing post-conviction relief. Hastings contends that his lengthy pro se filing history in this Court is the result of his lack of legal sophistication and the failure of the lower courts to timely correct his allegedly illegal sentences. In addition, Hastings asserts that not all of his pro se filings in this Court pertained to his convictions and sentences, and that a portion of his filings with this Court concerned parole and gain-time matters.
Upon due consideration of Hastings’ response, we find that his arguments are without merit. Hastings’ voluminous pro se filing history with this Court has necessitated our scrutiny.[3] After review *742 ing his pro se filings, we find that, while some of the proceedings initiated by Hastings have pertained to parole and gain-time matters, an overwhelming majority of the twenty-seven proceedings initiated by Hastings' have repeatedly attempted to collaterally attack his convictions or sentences. Each proceeding initiated by Hastings concerning his convictions or sentences was either, like the instant petition, devoid of merit or inappropriate for review in this Court. Hastings’ response shows neither justification for using, nor remorse about misusing the limited judicial resources of this Court. We conclude that, unless he is stopped, Hastings will continue to file meritless requests for relief in this Court regarding his convictions or sentences.
This Court has, when necessary, exercised its inherent judicial authority to sanction abusive litigants. See, e.g., Johnson v. Rundle, 59 So.3d 1080 (Fla.2011); Steele v. State, 14 So.3d 221 (Fla.2009). In doing so, this Court has repeatedly emphasized the necessity for court-imposed sanctions to preserve every citizen’s right to access the courts. E.g., Peterson v. State, 817 So.2d 838, 840 (Fla.2002). Court-imposed sanctions safeguard this right by permitting the Court to devote its finite resources to conduct timely reviews of legitimate filings. See, e.g., Johnson, 59 So.3d at 1082; Steele, 14 So.3d at 223.[4]
In accordance with these principles, we now direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Jeffrey Robert Hastings that are related to his convictions or sentences in Case No. 74-179-CF and Case No. 79-3126-CFA02 unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Hastings may only petition the Court about his convictions or sentences in Case No. 74-179-CF and Case No. 79-3126-CFA02 through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith. However, Hastings’ abusive pro se filings related to his convictions or sentences must immediately end.
Furthermore, since we have in this opinion found that Hastings has repeatedly initiated frivolous proceedings, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2011), to forward a certified copy of this opinion to the Department of Corrections’ institution or facility where Hastings is incarcerated. See Steele, 14 So.3d at 224.
It is so ordered.
*743 CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. We have jurisdiction. See art. V, § 3(b)(8), Fla. Const.

. See Pettway v. State, 776 So.2d 930, 931 (Fla.2000) (stating that the Court generally will not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there).

. See Hastings v. Fla. Parole Comm., No. SC10-1717 (Fla. Oct. 25, 2010) (mandamus petition transferred to the circuit court); Hastings v. McNeil, No. SC10-1160 (Fla. Sept. 6, 2010) (mandamus petition transferred to the circuit court); Hastings v. McNeil, No. SC10-586 (Fla. May 4, 2010) (prohibition petition transferred to the district court); Hastings v. State, 44 So.3d 107 (Fla.2010) (table) (mandamus petition dismissed); Hastings v. McNeil, No. SC09-1999 (Fla. Dec. 9, 2009) (mandamus petition transferred to the circuit court); Hastings v. State, 12 So.3d 220 (Fla.2009) (table) (mandamus petition dismissed); Hastings v. McNeil, 3 So.3d 317 (Fla.2008) (table) (habeas corpus petition dismissed); Hastings v. State, 996 So.2d 212 (Fla.2008) (table) (denying discretionary review); Hastings v. State, 993 So.2d 512 (Fla.2008) (table) (all writs petition dismissed for lack of jurisdiction); Hastings v. McDonough, 965 So.2d 122 (Fla.2007) (table) (habeas corpus petition dismissed); Hastings v. McDonough, 945 So.2d 1290 (Fla.2006) (table) (habeas corpus petition dismissed); Hastings v. State, 898 So.2d 80 (Fla.2005) (table) (habeas corpus petition dismissed as duplicative); Hastings v. State, 902 So.2d 790 (Fla.2005) (table) (denying discretionary review); Hastings v. State, 907 So.2d 518 (Fla.2005) (table) (habeas corpus petition dismissed as unauthorized); Hastings v. State, 902 So.2d 790 (Fla.2005) (table) (ha-beas corpus petition denied); Hastings v. State, No. SC03-1522 (Fla. Sept. 19, 2003) (habeas corpus petition transferred to the circuit court); Hastings v. State, 884 So.2d 22 (Fla.2004) (table) (habeas corpus petition dis *742 missed for lack of jurisdiction); Hastings v. State, 821 So.2d 296 (Fla.2002) (table) (mandamus petition denied in part and dismissed in part); Hastings v. State, 826 So.2d 992 (Fla.2002) (table) (habeas corpus petition denied as procedurally barred); Hastings v. State, 805 So.2d 807 (Fla.2002) (table) (denying discretionary review); Hastings v. State, 807 So.2d 653 (Fla.2001) (table) (habeas corpus petition denied as procedurally barred); Hastings v. State, No. SC01-800 (Fla. Aug. 4, 2001) (mandamus petition transferred to the district court); Hastings v. State, No. SC00-1836 (Fla. Nov. 17, 2000) (habeas corpus petition transferred to the circuit court); Hastings v. State, No. SC00-1054 (Fla. June 13, 2000) (habeas corpus petition transferred to the circuit court); Hastings v. State, 762 So.2d 916 (Fla.2000) (table) (habeas corpus petition denied as procedurally barred); Hastings v. State, 753 So.2d 564 (Fla.2000) (table) (habe-as corpus petition voluntarily dismissed).

. The United States Supreme Court has stated that "[ejvery paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice.” In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).