PER CURIAM.
The petition for writ of mandamus, which presents a claim properly brought in the Circuit Court for Leon County, is denied. The fact that petitioner has been barred from further pro se appearances in that forum is of no consequence. See Pett-way v. State, 776 So.2d 930 (Fla.2000).
Based on petitioner’s extensive pro se activities before this court since 2006, virtually all of which involved the filing of excessive, unnecessary, and frivolous motions and pleadings that have occupied an inordinate amount of judicial resources, we directed petitioner to show cause why sanctions, including but not limited to a prohibition on further pro se appearances before this court, should not be imposed. Having considered petitioner’s response to this order, we find that good cause to forego the imposition of sanctions has not been demonstrated, and that the interests of judicial administration require that we act to curtail any further abuses.
Accordingly, because Darryl Maurice Young has misused the judicial process to the detriment of other litigants with legitimate claims, he is hereby barred from future pro se appearances in this court. The clerk of the court is directed to reject any future filings by Darryl Maurice Young or by any party on his behalf unless signed by a member in good standing of The Florida Bar. In any active case before the court in which Young is appearing pro se, he is directed to secure the appearance of counsel within 30 days, failing which any such case will be subject to dismissal.
In addition, we direct the clerk to forward a certified copy of this opinion to *985 Young’s correctional institution for consideration of administrative disciplinary proceedings pursuant to section 944.279(1), Florida Statutes (2013), and the rules of the Department of Corrections.
THOMAS, WETHERELL, and RAY, JJ., concur.