# Supreme Court of Florida

_____

No. SC15-761
_____

**BRIAN M. CASEY,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

[October 29, 2015]

PER CURIAM.

Brian M. Casey, an inmate in state custody, filed a pro se petition for writ of mandamus with this Court.[1]  His petition in this case is the thirty-sixth extraordinary writ petition or notice he has filed with this Court since 2011.  We denied Casey's petition in this case and, in doing so, expressly retained jurisdiction to pursue possible sanctions against him.  Order at 1, Casey v. State, Case No. SC15-761 (Fla. May 15, 2015) (order denying mandamus relief and directing

---

1.  We have jurisdiction.  See art. V, § 3(b)(8), Fla. Const.

Casey to show cause why pro se filing restrictions should not be imposed); see also

Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Casey was convicted in the Circuit Court of the Twentieth Judicial Circuit,

in and for Lee County, Florida, of arson and second-degree murder. He was

sentenced in May 2012 to life in prison on both counts. Casey began filing with

this Court in 2011 while the criminal proceedings in the circuit court were still

ongoing. Since that time, Casey has filed thirty-five other extraordinary writ

petitions or notices.[2] The vast majority of his filings have pertained to circuit court

---

2. See Casey v. State, Case No. SC15-899 (Fla. July 21, 2015) (table) (mandamus petition voluntarily dismissed); Casey v. State, 163 So. 3d 508 (Fla. 2015) (table) (mandamus petition dismissed as moot); Casey v. State, Case No. SC14-115 (Fla. Apr. 7, 2014) (mandamus petition transferred to district court); Casey v. Crews, Case No. SC14-243 (Fla. Mar. 12, 2014) (habeas petition transferred to circuit court); Casey v. State, 139 So. 3d 296 (Fla. 2014) (table) (mandamus petition dismissed); Casey v. Bailey, SC13-1307 (Fla. Feb. 17, 2014) (mandamus petition transferred to circuit court); Casey v. State, 135 So. 3d 285 (Fla. 2014) (table) (mandamus petition voluntarily dismissed); Casey v. State, 139 So. 3d 296 (Fla. 2014) (table) (prohibition petition denied); Casey v. State, 135 So. 3d 285 (Fla. 2014) (table) (prohibition petition dismissed); Casey v. State, 145 So. 3d 822 (Fla. 2013) (table) (prohibition petition dismissed); Casey v. State, 130 So. 3d 691 (Fla. 2013) (table) (prohibition petition dismissed); Casey v. State, 130 So. 3d 1275 (Fla. 2013) (table) (prohibition petition voluntarily dismissed); Casey v. State, 130 So. 3d 1275 (Fla. 2013) (table) (mandamus petition voluntarily dismissed); Casey v. State, 130 So. 3d 1275 (Fla. 2013) (table) (mandamus petition voluntarily dismissed); Casey v. State, 123 So. 3d 1146 (Fla. 2013) (table) (notice dismissed for lack of jurisdiction); Casey v. State, 123 So. 3d 557 (Fla. 2013) (table) (notice dismissed for lack of jurisdiction); Casey v. State, 120 So. 3d 559 (Fla. 2013) (table) (notice dismissed for lack of jurisdiction); Casey v. State, 120 So. 3d 559 (Fla. 2013) (table) (notice dismissed for lack of jurisdiction); Casey v. State, 131 So. 3d 787 (Fla. 2013) (table) (mandamus petition voluntarily dismissed); Casey v. State, 123 So. 3d 557 (Fla. 2013) (table) (mandamus petition

case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945, and have either been frivolous, devoid of merit, or inappropriate for consideration by this Court. We have never granted Casey the relief sought by him in any of his filings.

Casey's mandamus petition in this case is no exception. In it, Casey challenged the Second District's denial of his ineffective assistance of appellate counsel petition and its imposition of pro se filing sanctions. The petition did not even come remotely close to satisfying the basic requirements for the issuance of a writ of mandamus. See Huffman v. State, 813 So. 2d 10, 11 (Fla. 2000) ("In order to be entitled to a writ of mandamus the petitioner must have a clear legal right to

dismissed for lack of jurisdiction); Casey v. Crews, 115 So. 3d 999 (Fla. 2013) (table) (mandamus petition denied); Casey v. State, 129 So. 3d 1067 (Fla. 2013) (table) (mandamus petition dismissed as unauthorized); Casey v. Crews, 116 So. 3d 1260 (Fla. 2013) (table) (habeas petition denied in part and dismissed in part); Casey v. State, 115 So. 3d 999 (Fla. 2013) (table) (mandamus petition dismissed); Casey v. Crews, 116 So. 3d 1260 (Fla. 2013) (habeas petition dismissed as unauthorized); Casey v. Crews, 120 So. 3d 559 (Fla. 2013) (table) (habeas petition dismissed as unauthorized); Casey v. Crews, 116 So. 3d 381 (Fla. 2013) (table) (habeas petition dismissed as unauthorized); Casey v. State, Case No. SC12-845 (Fla. Oct. 15, 2012) (prohibition petition transferred to circuit court); Casey v. Green, Case No. SC12-861 (Fla. Oct. 8, 2012) (mandamus petition transferred to circuit court); Casey v. State, 104 So. 3d 1082 (Fla. 2012) (table) (prohibition petition dismissed as unauthorized); Casey v. State, Case No. SC12-837 (Fla. Sept. 27, 2012) (prohibition petition transferred to district court); Casey v. State, Case No. SC12-835 (Fla. Sept. 27, 2012) (habeas petition transferred to district court); Casey v. State, Case No. SC12-809 (Fla. May 22, 2012) (prohibition petition transferred to district court); Casey v. State, 77 So. 3d 646 (Fla. 2011) (table) (prohibition petition dismissed for lack of jurisdiction); Casey v. State, 77 So. 3d 646 (Fla. 2011) (table) (prohibition petition dismissed as unauthorized).

the requested relief, the respondent must have an indisputable legal duty to perform the requested action, and the petitioner must have no other adequate remedy available."). We denied the petition and, in accordance with State v. Spencer, 751 So. 2d 47 (Fla. 1999), directed Casey to show cause why he should not be barred from filing any future pro se requests for relief. More than a month after the date his response was due, Casey filed a response to the order to show cause, which we struck as untimely.

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. E.g., Hastings v. State, 79 So. 3d 739, 742 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080, 1081 (Fla. 2011). Through his persistent filing of frivolous or meritless requests for relief, Casey has abused the judicial process and burdened this Court's limited judicial resources.[3] His filings clearly indicate that he lacks any understanding of the appellate process and that he is unwilling to gain an understanding of it. Casey did not timely respond to the order to show cause and, in so doing, has failed to offer any

---

3. The United States Supreme Court has stated that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989).

justification for his use or to express regret for his repeated misuse of this Court's resources. We are therefore convinced that if not restrained, Casey will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to circuit court case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Brian M. Casey that pertain to case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Casey may only petition the Court about his convictions or sentences in case numbers 10-CF-17674, 10-CF-19724, 10-CF-19726, and 10-CF-19945 through the assistance of counsel whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

Additionally, we find that the petition filed by Brian M. Casey in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2014). Consistent with section 944.279(1), Florida Statutes, we direct the Clerk of this Court to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Casey is incarcerated. See Steele v. State, 14 So. 3d 221, 224 (Fla. 2009).

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING MOTION, AND IF FILED, DETERMINED.

Original Proceeding – Mandamus

Brian M. Casey, pro se, Indiantown, Florida,

    for Petitioner

No appearance for Respondent