# Supreme Court of Florida

_____

No. SC15-2191
_____

**WILLIE A. SMITH**,
Petitioner,

vs.

**JULIE L. JONES, etc.**,
Respondent.

[May 12, 2016]

PER CURIAM.

This case is before the Court on the petition of Willie A. Smith for a writ of habeas corpus.[1]  In an order dated February 4, 2016, the Court dismissed Smith's petition pursuant to Pettway v. State, 776 So. 2d 930 (Fla. 2000), and expressly retained jurisdiction to pursue any possible sanctions against petitioner based upon the volume of Smith's meritless and inappropriate filings.  Smith v. Jones, No. SC15-2191, 2016 WL 462847 (Fla. order filed Feb. 4, 2016) (unpublished); see Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).  Since 2001, petitioner has

_____

1.  We have jurisdiction.  See art. V, § 3(b)(9), Fla. Const.

filed at least twenty-seven extraordinary writ petitions, not including the instant

petition, and eight notices seeking discretionary review.[2]  Petitioner was directed to

_____

2.  Smith v. State, 173 So. 3d 965 (Fla. 2015) (table) (Case No. SC15-1253) (notice administratively dismissed); Smith v. State, 173 So. 3d 965 (Fla. 2015) (table) (Case No. SC15-1229) (notice administratively dismissed); Smith v. State, 173 So. 3d 965 (Fla. 2015) (table) (Case No. SC15-1228) (notice administratively dismissed); Smith v. State, 171 So. 3d 120 (Fla. 2015) (table) (Case No. SC15-1117) (mandamus petition administratively dismissed); Smith v. State, 171 So. 3d 120 (Fla. 2015) (table) (Case No. SC15-717) (mandamus petition administratively dismissed); Smith v. State, 177 So. 3d 1271 (Fla. 2015) (table) (mandamus petition dismissed pursuant to Mathews v. Crews, 132 So. 3d 776 (Fla. 2014)); Smith v. Fla. Dept. of Corrs., 157 So. 3d 1048 (Fla. 2014) (table) (mandamus petition dismissed pursuant to Pettway v. State, 776 So. 2d 930 (Fla. 2000)); Smith v. State, Case No. SC13-2343 (Fla. Jan. 29, 2014) (petition for writ of mandamus transferred); Smith v. Crews, 126 So. 3d 1058 (Fla. 2013) (table) (petition for writ of habeas corpus dismissed as duplicative to Case No. SC13-1438); Smith v. Crews, 132 So. 3d 222 (Fla. 2013) (table) (petition for writ of habeas corpus dismissed pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004)); Smith v. Tucker, 83 So. 3d 709 (Fla. 2012) (table) (petition for writ of habeas corpus dismissed pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004)); Smith v. State, Case No. SC10-1284 (Fla. Nov. 9, 2010) (petition for writ of mandamus transferred); Smith v. Homes, 29 So. 3d 292 (Fla. 2010) (table) (petition for writ of mandamus dismissed for failure to comply with court order); Smith v. State, 22 So. 3d 68 (Fla. 2009) (table) (petition to invoke the Court's all writs jurisdiction dismissed for lack of jurisdiction); Smith v. Ober, Case No. SC08-2399 (Fla. Mar. 26, 2009) (petition for writ of mandamus transferred); Smith v. McNeil, 987 So. 2d 1210 (Fla. 2008) (table) (petition for writ of mandamus voluntarily dismissed); Smith v. McNeil, 984 So. 2d 520 (2008) (table) (petition for writ of habeas corpus denied as procedurally barred); Smith v. State, 963 So. 2d 702 (Fla. 2007) (table) (notice administratively dismissed); Smith v. State, 944 So. 2d 346 (Fla. 2006) (petition for writ of mandamus denied); Smith v. State, 913 So. 2d 598 (Fla. 2005) (petition to invoke all writs jurisdiction dismissed); Smith v. State, Case No. SC04-909 (Fla. Aug. 9, 2004) (petition for writ of habeas corpus transferred); Smith v. State, Case No. SC04-907 (Fla. Aug. 9, 2004) (petition for writ of habeas corpus transferred); Smith v. Fla. Parole Comm'n, 891 So. 2d 552 (Fla. 2004) (table) (notice administratively dismissed); Smith v. State, 872 So. 2d 899 (Fla. 2004) (table) (petition for writ of mandamus voluntarily dismissed); Smith v. State, 873

show cause why he should not be barred from filing in this Court any future pro se pleadings, motions, or other requests for relief pertaining to his criminal convictions and sentences in case numbers 00-9986 and 00-15615, and why a certified copy of the Court's findings should not be forwarded to the appropriate institution for disciplinary procedures by the Florida Department of Corrections as provided in section 944.09, Florida Statutes (2015).

Smith currently is incarcerated in the Florida Department of Corrections upon his judgments of conviction and sentences in case numbers 00-9986 and 00-15615, for trafficking in stolen property and uttering a forged instrument. Petitioner received sentences of fifteen years' imprisonment and five years' imprisonment, respectively, imposed by the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, on June 13, 2001. The Second

So. 2d 1224 (Fla. 2004) (table) (petition for writ of mandamus dismissed); Smith v. Fla. Parole Comm'n, Case No. SC03-1973 (Fla. Dec. 11, 2003) (petition for writ of mandamus transferred); Smith v. State, 861 So. 2d 431 (Fla. 2003) (petition for writ of habeas corpus voluntarily dismissed); Smith v. State, 848 So. 2d 1155 (Fla. 2003) (table) (notice administratively dismissed); Smith v. State, 846 So. 2d 1149 (Fla. 2003) (notice administratively dismissed); Smith v. State, 839 So. 2d 700 (Fla. 2003) (notice administratively dismissed); Smith v. Fla. Dept. of Corrs., Case No. SC03-1398 (Fla. Sept. 15, 2003) (petition for writ of mandamus transferred); Smith v. Fla. Dept. of Corrs., Case No. SC03-885 (Fla. Sept. 15, 2003) (petition for writ of mandamus transferred); Smith v. Moore, Case No. SC01-2695 (Fla. Feb. 1, 2002) (petition for writ of habeas corpus transferred); Smith v. State, Case No. SC01-2633 (Fla. Apr. 3, 2002) (petition for writ of habeas corpus transferred).

District Court of Appeal affirmed Smith's judgments of conviction and sentences on August 23, 2002. Smith v. State, 827 So. 2d 998 (Fla. 2d DCA 2002) (table).

Smith filed a response to this Court's order to show cause, opposing a pro se barring order on the basis that his prior filings were meritorious and not frivolous, that the instant petition did not challenge his convictions and sentences, that not all of the prior filings were attributable to Smith, and that section 944.279 is unconstitutional. After considering Smith's response to the show cause order, we conclude that it fails to show cause why sanctions should not be imposed. Petitioner's prior proceedings, including the instant habeas petition, pertain to case numbers 00-9986 and 00-15615, and have been devoid of merit, frivolous, or inappropriate for consideration by this Court, and this Court has never granted Smith the relief he has sought from this Court. Moreover, the Court has previously held that section 944.279 is constitutional. Spencer v. Fla. Dept. of Corrs., 823 So. 2d 752, 754-56 (Fla. 2002). We further conclude that Smith's habeas corpus petition filed in this case, which sought immediate release because the Department of Corrections was improperly calculating his sentence under the 85% sentencing statute and miscalculating his gain time credit, is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2015).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Willie A.

Smith that are related to case numbers 00-9986 and 00-15615, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on Smith's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.[3] Furthermore, because we have found Smith's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2015), to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Smith is incarcerated.

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

Original Proceeding – Habeas Corpus

Willie A. Smith, pro se, Wewahitchka, Florida,

for Petitioner

No appearance for Respondent

---

3. In recent years, we have imposed comparable sanctions on other litigants whose pro se filing practices have exhibited their disregard for abusing the scarce judicial resources of this Court. See, e.g., Casey v. State, 177 So. 3d 603 (Fla. 2015); Clark v. Crews, 159 So. 3d 122 (Fla. 2014); McCutcheon v. State, 117 So. 3d 769 (Fla. 2013); James v. Tucker, 75 So. 3d 231 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080 (Fla. 2011); Steele v. State, 14 So. 3d 221 (Fla. 2009); Pettway v. McNeil, 987 So. 2d 20 (Fla. 2008).