# Supreme Court of Florida

_____

No. SC17-327
_____

**ANTHONY J. FAILS,**
Petitioner,

vs.

**JULIE L. JONES, etc.,**
Respondent.

[June 15, 2017]

PER CURIAM.

Anthony J. Fails, an inmate in state custody, filed a pro se petition for writ of habeas corpus with this Court.[1] His petition in this case is the twenty-seventh extraordinary writ petition or notice he has filed with this Court since 2008. It is the thirteenth extraordinary writ petition or notice he has filed pertaining to Escambia County Circuit Court case number 172004CF003733XXXAXX. We dismissed Fails' petition in this case and, in doing so, expressly retained jurisdiction to pursue possible sanctions against him. Fails v. Jones, No. SC17-

---

1. We have jurisdiction. See art. V, § 3(b)(9), Fla. Const.

327, 2017 WL 1046225 (Fla. Mar. 20, 2017) (dismissing habeas petition and directing Fails to show cause why pro se filing restrictions should not be imposed); see also Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Fails was convicted in the Circuit Court of the First Judicial Circuit, in and for Escambia County, Florida, in case number 172004CF003733XXXAXX, of attempted sexual battery and aggravated battery with a deadly weapon. He was sentenced in November 2005 to fifteen years' imprisonment on each count. All of Fails' filings in this Court seeking to challenge these convictions and sentences have been frivolous, devoid of merit, or inappropriate for consideration by this Court.[2] In addition to those filings specifically challenging his convictions and sentences in case number 172004CF003733XXXAXX, Fails has initiated fourteen

---

2. See Fails v. Jones, No. SC16-1248, 2016 WL 4124117 (Fla. July 25, 2016) (habeas petition transferred to circuit court); Fails v. Jones, No. SC16-917, 2016 WL 3215660 (Fla. June 9, 2016) (habeas petition dismissed as unauthorized); Fails v. Jones, No. SC16-495, 2016 WL 2586137 (Fla. May 4, 2016) (habeas petition dismissed as unauthorized); Fails v. Jones, 192 So. 3d 36 (Fla. 2015) (table) (habeas petition dismissed); Fails v. Jones, 171 So. 3d 115 (Fla. 2015) (table) (habeas petition denied); Fails v. Jones, 168 So. 3d 224 (Fla. 2015) (table) (habeas petition dismissed as unauthorized); Fails v. State, No. SC13-2144 (Fla. Apr. 10, 2014) (mandamus petition transferred to the district court); Fails v. State, 123 So. 3d 557 (Fla. 2013) (table) (mandamus petition voluntarily dismissed); Fails v. State, 63 So. 3d 748 (Fla. 2011) (table) (mandamus petition dismissed); Fails v. State, 59 So. 3d 108 (Fla. 2011) (table) (mandamus petition dismissed); Fails v. McNeil, 37 So. 3d 846 (Fla. 2010) (table) (habeas petition dismissed as unauthorized); Fails v. State, 4 So. 3d 1220 (Fla. 2009) (table) (mandamus petition denied).

other proceedings in this Court.[3] We have never granted Fails the relief sought by him in any of his filings.

Fails' habeas petition in this case is no exception. In it, Fails challenged his convictions in case number 172004CF003733XXXAXX, arguing that he was wrongfully convicted based on an invalid charging information and improper jury instructions. The petition raised claims that could have or should have been raised at trial and, if properly preserved, on direct appeal in his criminal case. See Fla. R. Crim. P. 3.850(c) (stating that relief on such claims is unauthorized). Because we determined that the relief Fails sought was unauthorized, we dismissed the petition pursuant to Baker v. State, 878 So. 2d 1236 (Fla. 2004), and in accordance with

3. See Fails v. State, No. SC17-320, 2017 WL 749038 (Fla. Feb. 27, 2017) (petition for review dismissed for lack of jurisdiction); Fails v. Reid, No. SC16-2226, 2017 WL 243392 (Fla. Jan. 20, 2017) (mandamus petition denied); Fails v. Jones, No. SC16-1613, 2016 WL 5405642 (Fla. Sept. 28, 2016) (habeas petition denied as procedurally barred); Fails v. Haas, 173 So. 3d 962 (Fla. 2015) (table) (mandamus petition dismissed); Fails v. State, 153 So. 3d 904 (Fla. 2014) (table) (mandamus petition dismissed); Fails v. Green, 147 So. 3d 522 (Fla. 2014) (table) (petition for review dismissed for lack of jurisdiction); Fails v. Harris, 145 So. 3d 823 (Fla. 2014) (table) (petition for review denied); Fails v. Fla. Bar, 43 So. 3d 690 (Fla. 2010) (table) (mandamus petition dismissed for lack of jurisdiction); Fails v. State, 46 So. 3d 47 (Fla. 2010) (table) (mandamus petition dismissed); Fails v. State, 51 So. 3d 1154 (Fla. 2010) (table) (mandamus petition dismissed as moot); Fails v. State, 36 So. 3d 83 (Fla. 2010) (table) (mandamus petition dismissed); Fails v. McNeil, No. SC09-4 (Fla. Jan. 15, 2009) (habeas petition transferred to circuit court); Fails v. State, 998 So. 2d 1144 (Fla. 2008) (table) (petition for review dismissed for lack of jurisdiction); Fails v. State, 994 So. 2d 1104 (Fla. 2008) (table) (notice of appeal dismissed for lack of jurisdiction).

State v. Spencer, 751 So. 2d 47 (Fla. 1999), we directed Fails to show cause why he should not be barred from filing any future pro se requests for relief in this Court pertaining to case number 172004CF003733XXXAXX. Subsequent to the issuance of the order to show cause, Fails filed eight pleadings. In his response to the show cause order, Fails continued to raise the same arguments raised in his previous petitions before this Court concerning his convictions. He argued that his convictions constituted a manifest injustice and that as a result, this Court should vacate his convictions. Upon due consideration of Fails' response, we find that his arguments are without merit.

This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. E.g., Hastings v. State, 79 So. 3d 739, 742 (Fla. 2011); Johnson v. Rundle, 59 So. 3d 1080, 1081 (Fla. 2011). Through his persistent filing of frivolous or meritless requests for relief, Fails has abused the judicial process and burdened this Court's limited judicial resources.[4] Fails' response to this Court's order to show cause failed to offer any justification

---

4. The United States Supreme Court has stated that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989).

for his abuse or to express regret for his repeated misuse of this Court's resources. His seven filings in addition to his response further indicate that Fails does not appreciate or respect the judicial process or this Court's limited judicial resources. We are therefore convinced that if not restrained, Fails will continue to abuse the judicial process and burden this Court with frivolous and meritless filings pertaining to circuit court case number 172004CF003733XXXAXX.

Accordingly, the Clerk of this Court is hereby directed to reject any future pleadings or other requests for relief submitted by Anthony J. Fails that pertain to case number 172004CF003733XXXAXX, unless such filings are signed by a member in good standing of The Florida Bar. Under the sanction herein imposed, Fails may petition this Court about his convictions or sentences in case number 172004CF003733XXXAXX only when such filings are signed by a member in good standing of The Florida Bar whenever such counsel determines that the proceeding may have merit and can be filed in good faith.

Additionally, we find that the petition filed by Anthony J. Fails in this case is a frivolous proceeding brought before this Court by a state prisoner. See § 944.279(1), Fla. Stat. (2016). Consistent with section 944.279(1), Florida Statutes (2016), we direct the Clerk of this Court to forward a certified copy of this opinion to the Florida Department of Corrections' institution or facility where Fails is incarcerated. See Steele v. State, 14 So. 3d 221, 224 (Fla. 2009).

All other pending motions and requests for relief are hereby denied. No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

Original Proceeding – Habeas Corpus

Anthony J. Fails, pro se, Punta Gorda, Florida,

for Petitioner

No appearance for Respondent