# Supreme Court of Florida

———————

No. SC19-1978

———————

**VICTOR HICKS,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

May 7, 2020

PER CURIAM.

This case is before the Court on the petition of Victor Hicks for a writ of mandamus. We have jurisdiction. *See* art. V, § 3(b)(9), Fla. Const. On February 18, 2020, we dismissed the instant petition and expressly retained jurisdiction to pursue possible sanctions against Hicks. *Hicks v. State*, No. SC19-1978, 2020 WL 819275 (Fla. Feb. 18, 2020); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). We now find that Hicks has failed to show cause why he should not be barred, and we sanction him as set forth below.

Hicks was convicted in the Ninth Judicial Circuit (Orange County) of one count of lewd and lascivious conduct by a person over eighteen years of age on a

victim under sixteen years of age in case number 482013CF016529000AOX. He

was sentenced to six years, five months, and eleven days' imprisonment on

February 12, 2016. Hicks was released from custody in 2019.

Hicks began filing petitions with the Court in 2016. Since that time, he has

filed thirteen pro se requests for relief in this Court related to case number

482013CF016529000AOX.[1] We have never granted the relief sought in any of

Hicks' filings, which have all been denied, dismissed, or transferred to another

court for consideration; his petition in this case is no exception. Hicks filed the

instant mandamus petition on November 25, 2019. In it, he alleged that the Ninth

Judicial Circuit Court failed to follow Florida Rule of Criminal Procedure 3.850 by

not filing a copy of an order denying Hicks' second postconviction motion with the

Clerk of Court. As relief, Hicks sought a writ of mandamus compelling the circuit

court to comply with the requirements of the rule. The Court dismissed the

petition pursuant to *Pettway v. State*, 776 So. 2d 930, 931 (Fla. 2000) (determining

that the Court "will generally not consider the repetitive petitions of persons who

have abused the judicial processes of the lower courts such that they have been

barred from filing certain actions there."), and directed Hicks to show cause why

he should not be barred from filing any further pro se requests for relief in this

---

1. *See Hicks v. State*, No. SC19-1978, 2020 WL 819275 (Fla. Feb. 18, 2020).

Court related to circuit court case number 482013CF016529000AOX. Hicks failed to file a response to the order to show cause.

Therefore, based on Hicks' history of filing pro se petitions and requests for relief that are meritless or otherwise inappropriate for this Court's review, we now find that he has abused this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). Hicks did not respond to the order to show cause, thus failing to offer any justification for his repeated misuse of this Court's resources. We are therefore convinced that if not restrained, Hicks will continue to abuse the judicial process and burden this Court (and thereby harm other litigants) with frivolous and meritless filings pertaining to circuit court case number 482013CF016529000AOX.

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Victor Hicks that pertain to circuit court case number 482013CF016529000AOX, unless such filings are signed by a member in good standing of The Florida Bar. Henceforth, Hicks may only petition the Court about his convictions or sentences in case number 482013CF016529000AOX through the assistance of counsel whenever such

counsel determines that the proceeding may have merit and can be filed in good faith.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

Original Proceeding – Habeas Corpus

Victor Hicks, pro se, Orlando, Florida,

for Petitioner

No appearance for Respondent