# Supreme Court of Florida

_____

No. SC60-72622
_____

**JAMES BERNARD CAMPBELL,**
Appellant,

vs.

**STATE OF FLORIDA,**
Appellee.

June 11, 2020

PER CURIAM.

This case is before the Court on the motion of James Bernard Campbell "to reopen his direct appeal due to fraud or collusion occurring during his direct appeal proceedings." We previously dismissed the motion but retained jurisdiction to pursue possible sanctions against Campbell. *Campbell v. State*, No. SC60-72622 (Fla. Feb. 12, 2020) (order dismissing motion to reopen direct appeal, denying any other pending motions, and directing Campbell to show cause why sanctions should not be imposed); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

Due to his numerous meritless, repetitive, and inappropriate filings in this Court pertaining to case number 86-038693, originating in the Circuit Court of the

Eleventh Judicial Circuit, in and for Miami-Dade County, Florida,[1] Campbell was directed to show cause why he should not be barred from filing in this Court any future pro se pleadings, motions, or other requests for relief pertaining to case number 86-038693.[2] Campbell has filed a response to the order to show cause.

After considering Campbell's response, we conclude that he has failed to show cause why he should not be sanctioned. This Court has exercised its inherent authority to sanction litigants who abuse the judicial process and burden its limited resources with repeated requests for relief that are either frivolous or devoid of merit. *E.g.*, *Hastings v. State*, 79 So. 3d 739, 742 (Fla. 2011); *Johnson v. Rundle*, 59 So. 3d 1080, 1081 (Fla. 2011). Through his persistent filing of frivolous, meritless, and repetitive requests for relief, Campbell has abused the judicial process and burdened this Court's limited judicial resources. Campbell does not

---

1. *See, e.g.*, *Campbell v. Jones*, No. SC18-1651, 2018 WL 6720033 (Fla. Dec. 19, 2018) (denying petition for writ of habeas corpus because it raised the same issues that were denied in *Campbell v. Jones*, 171 So. 3d 114 (Fla. 2015) (table), and directing Campbell to show cause why a certified copy of this Court's findings should not be forwarded to the appropriate Department of Corrections institution for possible disciplinary procedures); *Campbell v. Jones*, No. SC17-2173, 2018 WL 826870 (Fla. Feb. 12, 2018) (denying petition for writ of habeas corpus because it raised the same issues that were denied in *Campbell*, 171 So. 3d 114). Campbell has in the instant proceeding again raised the same issues that were denied in these previous proceedings.

2. *See State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999) (stating that a court must first provide notice and an opportunity to respond before sanctioning a litigant and prohibiting litigant from future pro se filings).

appreciate or respect the judicial process or this Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). We are therefore convinced that, if not restrained, Campbell will continue to abuse the judicial process and burden this Court with frivolous, meritless, and repetitive filings pertaining to case number 86-038693.

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by James Bernard Campbell pertaining to case number 86-038693, originating in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, unless such filings are signed by a member of The Florida Bar in good standing. Counsel may petition this Court on Campbell's behalf about case number 86-038693 if counsel determines that the proceeding may have merit and can be brought in good faith.

Additionally, we find that Campbell's motion to reopen his direct appeal due to fraud or collusion occurring during his direct appeal proceedings is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2019). Consistent with section 944.279(1), Florida Statutes (2019), we direct

the Clerk of this Court to forward a certified copy of this opinion to the

Department of Corrections' institution or facility where Campbell is incarcerated.

*See Steele v. State*, 14 So. 3d 221, 224 (Fla. 2009).

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.
COURIEL, J., did not participate.

An Appeal from the Circuit Court in and for Miami Dade County,
Tanya Brinkley, Judge - Case No 131986CF0386930001XX

James Bernard Campbell, pro se, Sneads, Florida,

for Appellant

No appearance for Appellee