# Supreme Court of Florida

_____

No. SC20-355
_____

**ALPHONSO JAMES, SR.,**
Petitioner,

vs.

**AMIRA DAJANI FOX, etc.,**
Respondent.

August 27, 2020

PER CURIAM.

This case is before the Court on the petition of Alphonso James, Sr. for a writ of quo warranto. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const. By order dated April 8, 2020, we dismissed James's petition pursuant to *Pettway v. State*, 776 So. 2d 930, 931 (Fla. 2000). *See James v. Fox*, No. SC20-355, 2020 WL 1818572 (Fla. Apr. 8, 2020). Concurrent with the dismissal of the petition, we expressly retained jurisdiction to pursue possible sanctions against James. *Id.; see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion).

James was convicted in Twentieth Judicial Circuit (Lee County) case number 361989CF001711000ACH on one count of possession of a controlled

substance with intent to sell or deliver, for which he was sentenced as a habitual felony offender to twenty years' imprisonment on January 22, 1990. James was also convicted on one count of possession of a controlled substance with intent to sell or deliver in Lee County case number 361989CF000890000ACH, for which he was sentenced as a habitual felony offender to thirty years' imprisonment on January 29, 1990, ordered to run consecutively to any active sentences being served. It is unclear whether James appealed his convictions and sentences.

James began filing petitions with the Court in 1991. Since that time, he has filed thirty-four previous petitions or notices, and the majority of these filings have been related to his convictions and sentences in the above-noted circuit court cases. We have never granted the relief sought in any of James's filings, which have all been denied, dismissed, or transferred by the Court. Twelve of these previous filings have been petitions for writ of quo warranto in which James challenged the authority of various court officers with regard to his filings in the lower courts. The quo warranto petition in this case was no exception. James claimed that the State Attorney for the Twentieth Judicial Circuit failed to acknowledge a habeas petition that he had mailed to her office, thus failing to comply with her duty as a constitutional officer. We dismissed the petition and directed James to show cause why he should not be barred from filing any further requests for relief and referred

to the Department of Corrections for possible disciplinary action pursuant to section 944.279, Florida Statutes (2019).

James filed a response to the order to show cause in which he asserts that the First Amendment grants him the right to seek redress in the courts. Moreover, James contests the State's jurisdiction and its ability to punish him based on his claim that he is a separate or "sovereign" citizen who has not consented to that jurisdiction.

Upon due consideration of James's response, we conclude that it fails to show cause why sanctions should not be imposed. Based on his persistent history of filing pro se petitions that were meritless or otherwise inappropriate for this Court's review, James has abused the judicial process and burdened this Court's limited judicial resources. We further conclude that James's quo warranto petition filed in this case is a frivolous proceeding brought before this Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2019).

Accordingly, the Clerk of this Court is hereby instructed to reject any future pleadings, petitions, motions, documents, or other filings submitted by Alphonso James, Sr. that are related to case numbers 361989CF000890000ACH or 361989CF001711000ACH, unless such filings are signed by a member in good standing of The Florida Bar. Counsel may file on James's behalf if counsel determines that the proceeding may have merit and can be brought in good faith.

Furthermore, because we have found James's petition to be frivolous, we direct the Clerk of this Court, pursuant to section 944.279(1), Florida Statutes (2019), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which James is incarcerated.

No motion for rehearing or clarification will be entertained by the Court.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, and COURIEL, JJ., concur.

Original Proceeding – Quo Warranto

Alphonso James, Sr., pro se, Blountstown, Florida,

for Petitioner

No appearance for Respondent