# Supreme Court of Florida

---

No. SC2022-1577

---

**ARTHUR WILLIS FOLEY,**
Petitioner,

vs.

**STATE OF FLORIDA,**
Respondent.

May 18, 2023

PER CURIAM.

Arthur Willis Foley, an inmate in state custody, filed a pro se petition for writ of mandamus with this Court challenging his Prison Releasee Reoffender (PRR) sentence.[1] We dismissed the petition, retained jurisdiction, and directed Foley to show cause why he should not be sanctioned for his repeated misuse of our limited resources. *Foley v. State*, No. SC2022-1577, 2023 WL 1795173 (Fla. Feb. 7, 2023); *see* Fla. R. App. P. 9.410(a) (Sanctions; Court's Motion). Foley responded to our show cause order. We now

---

1. We have jurisdiction. *See* art. V, § 3(b)(8), Fla. Const.

find that Foley has failed to show cause why he should not be barred, and we sanction him as set forth below.

Foley was convicted in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, of robbery with a weapon and trafficking in stolen property (case number 131999CF0376080001XX). He was sentenced to life in prison as a Prison Releasee Reoffender (PRR). The Third District Court of Appeal affirmed on direct appeal Petitioner's convictions and his PRR sentence on the robbery with a weapon count. *Foley v. State*, 804 So. 2d 556, 556 (Fla. 3d DCA 2002). However, the Third District reversed Foley's PRR sentence on the trafficking in stolen property count and remanded the case with instructions to impose a "guideline sentence." *Id.* at 557.

Since 2003, Foley has demonstrated a pattern of vexatious filing of meritless pro se requests for relief in this Court related to his convictions and sentences. Including the petition in this case, Foley has filed nineteen pro se petitions with this Court.[2] The

---

2. *See Foley v. State*, No. SC2022-1577, 2023 WL 1795173 (Fla. Feb. 7, 2023).

Court has never granted Foley the relief sought in any of his filings here; each of the petitions was dismissed or denied. His petition in this case is no exception. Foley challenged the legality of his PRR sentence and requested that the Court issue a writ of mandamus directing the circuit court to issue an order appointing a public defender to file a motion under Florida Rule of Criminal Procedure 3.800(a) on his behalf because he has been pro se barred in the circuit court. Because we "will generally not consider the repetitive petitions of persons who have abused the judicial processes of the lower courts such that they have been barred from filing certain actions there," we dismissed the instant petition under *Pettway v. State*, 776 So. 2d 930, 931 (Fla. 2000), and directed Foley to show cause why he should not be barred from filing any further pro se requests for relief in this Court.

Foley filed a response to the show cause order in which he continues to challenge his PRR sentence and assert that being pro se barred does not prohibit a reviewing court from appointing him counsel. In his response, he failed to express any remorse for his repeated misuse of this Court's limited resources nor state that he would abstain from further frivolous filings in this Court. Upon

consideration of Foley's response, we find that he has failed to show cause why sanctions should not be imposed. Therefore, based on Foley's extensive history of filing pro se petitions and requests for relief that were meritless or otherwise inappropriate for this Court's review, we now find that he has abused the Court's limited judicial resources. *See Pettway v. McNeil*, 987 So. 2d 20, 22 (Fla. 2008) (explaining that this Court has previously "exercised the inherent judicial authority to sanction an abusive litigant" and that "[o]ne justification for such a sanction lies in the protection of the rights of others to have the Court conduct timely reviews of their legitimate filings"). If no action is taken, Foley will continue to burden the Court's resources. We further conclude that Foley's mandamus petition filed in this case is a frivolous proceeding brought before the Court by a state prisoner. *See* § 944.279(1), Fla. Stat. (2022).

Accordingly, we direct the Clerk of this Court to reject any future pleadings or other requests for relief submitted by Arthur Willis Foley that are related to case number 131999CF0376080001XX, unless such filings are signed by a member in good standing of The Florida Bar. Furthermore, because we have found Foley's petition to be frivolous, we direct the Clerk of

this Court, pursuant to section 944.279(1), to forward a copy of this opinion to the Florida Department of Corrections' institution or facility in which Foley is incarcerated.

No motion for rehearing or clarification will be entertained by this Court.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

Original Proceeding – Mandamus

Arthur Willis Foley, pro se, Live Oak, Florida,

for Petitioner

No appearance for Respondent